IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

      Plaintiff,

vs.                                No.  CIV-08-935

VILLAGE OF COLUMBUS,
EDDIE ESPINOZA, in his individual capacity,
ARMANDO PERALES, in his individual capacity,
TRACY BOLDUC, in her individual capacity,
BLAS GUTIERREZ, in his individual capacity,
ROBERTO GUTIERREZ, in his individual capacity,
BRIAN HOULTIN, in his individual capacity,
ALLEN ROSENBERG, in his individual capacity,
LUNA COUNTY SHERIFF'S OFFICE,
SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
CITY OF DEMING POLICE DEPARTMENT,
ADRIAN FLORES, in his individual capacity,
ERNIE SERA, in his individual capacity,
MIRABEL JIMENEZ, in his individual capacity,
ARNOLD CHAVEZ, in his individual capacity,
BORDER OPERATIONS TASK FORCE, and
D & M SPORTING GOODS,

      Defendants.

**D&M SPORTING GOODS, LLC'S MOTION TO DISMISS
COUNTS V AND XXI OF THE COMPLAINT [DOC. 1]
AGAINST D&M SPORTING GOODS, LLC FOR FAILURE
TO STATE CLAIMS FOR WHICH RELIEF MAY BE GRANTED**

Defendant D&M Sporting Goods, LLC ("D&M") moves, pursuant to Federal

Rule of Civil Procedure 12(b)(6), to dismiss Counts V and XXI in Plaintiff's Complaint

[Doc. 1] as to D&M for failure to state claims against D&M for which relief may be

granted.  Reading the Complaint as a whole, it appears that Counts V and XXI mean to

allege that D&M, a private sporting goods store operator in Deming, New Mexico,

conspired with various local law enforcement authorities to deprive Plaintiff, the former

1

Chief of Police for the Village of Columbus, New Mexico, of his civil rights, employment, and good reputation. This allegedly was done by D&M and others concocting a story that Plaintiff purchased six pistols from D&M for the Village's police force but kept two for himself, which resulted in Plaintiff's arrest for embezzlement and loss of his employment with the Village.

The allegations in Count XVIII,[1] however, suggest that D&M's involvement in the alleged conspiracy was to negligently make misrepresentations to law enforcement authorities—not to Plaintiff—ostensibly in the course of their investigation of the embezzlement charges about the number of pistols that Plaintiff purchased from D&M for the Village. The inference is that D&M tricked law enforcement into believing the allegedly fabricated invoice was authentic, which is the opposite of agreeing with them to harm Plaintiff. Counts V and XXI contain only conclusory allegations of conspiracy. Moreover, particularly when read against the allegations in Count XVIII, the allegations in Counts V and XXI do not state facts that would entitle Plaintiff to relief against D&M for a conspiracy to deprive Plaintiff of his civil rights under 42 U.S.C. § 1983 or for a civil conspiracy under New Mexico law. The Court, therefore, should dismiss Counts V and XXI against D&M with prejudice.

## I.   D.N.M.LR-CIV. 7.1(a) CERTIFICATION.

D&M states that it conferred with Plaintiff regarding his concurrence in this motion pursuant to D.N.M.LR-Civ. 7.1(a). <u>See</u> Ex. A. Plaintiff opposes this Motion. <u>See id.</u>

---

[1] Plaintiff has agreed to dismiss Count XVIII against D&M, which the parties will undertake by separate motion at a later time. <u>See</u> December 19, 2008 emails between Bryan Davis and Michael Mozes, attached as Exhibit A. The allegations in Count XVIII, however, are still material to this Motion.

## II.  PLAINTIFF'S RELEVANT ALLEGATIONS AGAINST D&M.

According to the Complaint, Defendant Eddie Espinoza, the mayor of the Village of Columbus (the "Village"), displeased with Plaintiff's upholding the law in the Village and that Plaintiff filed a police report regarding a physical altercation between him and the mayor in January of 2007, somehow pulled together several federal and state law enforcement agencies in Southern New Mexico as well as D&M in a vast conspiracy to get Plaintiff fired from his post as Chief of Police for the Village.  (Compl. [Doc. 1], ¶¶ 22-74.)  Their alleged scheme involved concocting false embezzlement charges against Plaintiff for purloining two of six pistols that Plaintiff had purchased from D&M on the Village's behalf in November of 2006.  (Id.)

D&M's alleged role in this conspiracy was that its proprietor, Shaun Reynolds, knew that the Village had only purchased four of the six pistols and that Plaintiff had purchased two of them for himself.  (Id. ¶ 44.)  Then, supposedly at the request of unnamed "law enforcement authorities," Mr. Reynold's allegedly fabricated an invoice on January 26, 2007 showing the Village had purchased all six pistols, in order to support the embezzlement charges against Plaintiff.  (Id.)  Plaintiff alleges later on, incongruently, that Mr. Reynolds made "misrepresentations" on the invoice to "induce reliance by Luna County law enforcement agencies on the misrepresentations."  (Id. ¶¶ 214-218).  Otherwise, Plaintiff makes no specific factual allegations against D&M aside from those necessary to establish jurisdiction and venue in this Court.

Based on these allegations, Plaintiff claims that D&M is liable to him for negligent misrepresentation (Count XVIII), conspiracy to deprive Plaintiff of his

Fourteenth Amendment rights under 42 U.S.C. § 1983 (Count V), and civil conspiracy under New Mexico law (Count XXI).   The remaining counts in the Complaint are directed at other Defendants.

### III. ARGUMENT AND AUTGHORITY

#### A.  Standard of Review Under Federal Rule of Civil Procedure 12(b)(6).

No longer is the standard under Rule 12(b)(6) that a court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitled him to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1243 (10th Cir. 2008) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Now under Rule 12(b)(6) "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" Robbins, 519 F.3d at 1247 (quoting Bell Atlantic Corp. v. Twombley, 550 U.S. 544, __, 127 S.Ct. 1955, 1974 (2007)).  Put another way, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247.

#### B.  Plaintiff Does Not Allege Facts Sufficient to Support an Agreement Between D&M and the Other Defendants to Do Anything to Plaintiff in Support of His Section 1983 Conspiracy Claim Against D&M in Count V of the Complaint.

As a non-governmental entity (Compl. [Doc. 1], ¶¶ 19, 44), D&M can only be liable to Plaintiff under 42 U.S.C. § 1983 if D&M was "a wilfull participant in joint action with the State or its agents."   Beedle v. Wilson, 422 F.3d 1059, 1071 (10th Cir. 2005) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)).  Thus, Plaintiff's allegations must "specifically present facts tending to show an agreement and concerted action" between D&M and state actors in order to plead a plausible Section 1983 claim of any

stripe against D&M.  Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983).  This Plaintiff has failed to do.

Plaintiff's allegations in Paragraphs 44 and 214-218 of the Complaint set up two factually opposite scenarios, neither of which support an agreement between D&M and any Defendant to deprive Plaintiff of his civil rights.  The first scenario is that D&M gave the fabricated invoice to unnamed "law enforcement authorities" at their request, which raises the inference that these authorities knew the invoice was fabricated.  (Compl. ¶ 44.) The second scenario is that D&M wanted to deceive these authorities with the alleged misrepresentations in the invoice, which raises the inference that the authorities did not know the invoice was fabricated.  (Compl. ¶¶ 214-218.)  Either way, however, "[t]he mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §[] 1983…".  Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983).  Importantly, the former allegations do not suggest that D&M had any knowledge about why these authorities wanted a fabricated invoice or for what purpose they would use it.   They suggest only that D&M gave authorities information that they wanted—the allegedly fabricated invoice.  The latter allegations set forth facts that, if true, establish no agreement between D&M and any Defendants to do anything to Plaintiff, much less to violate his civil rights.

Plaintiff's allegations within Count V do nothing to illuminate the factual basis for his Section 1983 claim against D&M.  Count V contains only conclusory allegations that the Defendants conspired to deprive Plaintiff of his civil rights.  (Compl. ¶¶ 115-122.)  The allegations in Count V merely incorporates by reference previous allegations and states legal conclusions that previously-alleged conduct amounts to state action

which violated Plaintiff's civil rights.  But "when a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient.'"   Beedle, 422 F.3d at 1073 (quoting Sooner, 708 F.2d at 512).  The Court, therefore, should dismiss Count V of the Complaint against D&M with prejudice.

C. **Plaintiff's Civil Conspiracy Claim Under New Mexico Law in Count XXI of the Complaint Fails to State a Claim, Because Plaintiff Does Not Allege Facts Sufficient to Support an Agreement Between D&M and the Other Defendants and His Underlying Negligent Misrepresentation Claim Against D&M Fails to State a Claim.**

Plaintiff's state-law civil conspiracy claim against D&M in Count XXI fails under Rule 12(b)(6), first, for the same reason that his Section 1983 claim against D&M in Count V fails.  Plaintiff alleges no facts supporting an agreement between D&M and any Defendants to do anything unlawful to Plaintiff.  "To state an action for civil conspiracy, there must be allegations in the complaint of (1) the existence of a conspiracy; (2) wrongful acts done pursuant to the conspiracy; and (3) resulting damages."  Saylor, 2003-NMCA-037, ¶ 25.  As explained above in Section III(B), Plaintiff's allegations in paragraphs 44 and 214-218 do not set forth facts supporting any illicit agreement between D&M and any Defendant.  Moreover, as with Count V, the allegations in Count XXI are conclusory statements that prior-pled facts amount to a conspiracy to deprive Plaintiff of the benefits of his employment and reputation.  (Compl. ¶¶ 233-237.)  These allegations do not illuminate the factual basis of Plaintiff's civil conspiracy claim against D&M beyond the allegations in Paragraphs 44 and 214-218 of the Complaint.

Plaintiff's civil conspiracy claim also fails to state a claim as to the allegations in Paragraphs 214-218 of the Complaint that D&M tricked law enforcement agencies into

relying on the allegedly fabricated invoice.  Because Plaintiff's underlying negligent misrepresentation claim fails, which Plaintiff concedes (see Ex. A), the civil conspiracy claim against D&M fails as a matter of law for lack of a viable underlying claim.  See Saylor v. Valles, 2003-NMCA-037, ¶ 17, 133 N.M. 432, 63 P.3d 1152 (misrepresentations to the plaintiff and his reliance on them are essential elements of negligent misrepresentation);  see also  Cain v. Champion Window Co., 2007-NMCA-085, ¶¶ 28-29, 142 N.M. 209, 164 P.3d 90 (conspiracy claim fails when underlying claim fails);  Bank of New York v. Regional Housing Authority, 2005-NMCA-116, ¶ 29, 138 N.M. 389, 120 P.3d 471 (same).  The Court, therefore, should dismiss Count XXI of the Complaint against D&M with prejudice.

## IV. CONCLUSION.

Plaintiff has not pled facts supporting plausible Section 1983 or state-law civil conspiracy claims against D&M.  Plaintiff failed to plead any facts suggesting that D&M agreed with any Defendant to trump up embezzlement charges against him in order to violate his civil rights and get him fired.  Accordingly, Plaintiff's Complaint fails to state a claim for relief against D&M.  The Court, therefore, should dismiss Counts V and XXI against D&M with prejudice under Rule 12(b)(6).

Respectfully submitted,

BANNERMAN & WILLIAMS, P.A.

By: /s/ Bryan J. Davis
      Bryan J. Davis
      William G. Gilchrist
Attorneys for D & M Sporting Goods, LLC
2201 San Pedro, N.E., Building 2, Suite 207
Albuquerque, New Mexico  87110
TEL:   (505) 837-1900
FAX:   (505) 837-1800

We hereby certify that on December 19, 2008,
a copy of the foregoing motion was served
electronically on all counsel of record listed below
through the CM/ECF system:

Michael E. Mozes, Esq.
The Law Offices of Michael E. Mozes, P.C.
5732 Osuna N.E.
Albuquerque, New Mexico 87109

James P. Sullivan, Esq.
Gianna M. Mendoza, Esq.
Sullivan & Brennan, P.C.
128 East DeVargas
Santa Fe, New Mexico 87501

T.A. Sandenaw Jr., Esq.
Cody R. Rogers, Esq.
Sandenaw & Anderson, P.C.
2951 N. Roadrunner Parkway
Las Cruces, New Mexico 88011


_____/s/ Bryan J. Davis_____
Bryan J. Davis