IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

        Plaintiff,

v.                                            Civ. No. 08-935 MV/WPL

VILLAGE OF COLUMBUS,
EDDIE ESPINOZA, in his individual capacity,
ARMANDO PERALES, in his individual capacity,
TRACY BOLDUC, in her individual capacity,
BLAS GUTIERREZ, in his individual capacity,
ROBERTO GUTIERREZ, in his individual capacity,
BRIAN HOULTIN, in his individual capacity,
ALLEN ROSENBERG, in his individual capacity,
LUNA COUNTY SHERIFF'S OFFICE,
SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
CITY OF DEMING POLICE DEPARTMENT,
ADRIAN FLORES, in his individual capacity,
ERNIE SERA, in his individual capacity,
MIRABEL JIMENEZ, in his individual capacity,
ARNOLD CHAVEZ, in his individual capacity,
BORDER OPERATIONS TASK FORCE, and
D & M SPORTING GOODS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on D & M Sporting Goods, LLC's Motion to Dismiss Counts V and XXI of the Complaint (Doc. No. 31, filed December 19, 2008). For the reasons stated below, the Court will **DENY** the Motion.

**Factual Background**

The Complaint (Doc. No. 1, filed October 9, 2008) alleges the following facts. Defendant Eddie Espinoza, Mayor of the Village of Columbus ("Mayor"), hired Plaintiff Paul Armijo ("Plaintiff") as Chief of Police. (Complaint ¶ 23). The Mayor later interfered with, harassed, yelled

at, and humiliated Plaintiff. (*Id.* ¶¶ 24-29). The Mayor then placed Plaintiff on administrative leave and told Plaintiff to pack his belongings and get out of the office. (*Id.* ¶¶ 30-33). Plaintiff later filed a battery report against the Mayor after the Mayor kicked a box that Plaintiff was holding when Plaintiff was packing up his belongings. (*Id.* ¶¶ 34-37). Shortly thereafter, several law enforcement agencies began an investigation into allegations of misconduct involving Plaintiff. (*Id.* ¶¶ 37-43). Plaintiff alleges that the investigation was motivated by reprisal due to his filing of a police report against the Mayor. (*Id.* ¶ 37).

The investigation included a search of Plaintiff's home for allegedly stolen pistols. (*Id.* ¶¶ 37-43). Plaintiff was prosecuted for charges of larceny/embezzlement claims related to the purchase of six handguns. (*Id.* ¶ 45). Plaintiff's claims against Defendant D&M Sporting Goods ("D&M") arise from the following allegation:

> D&M Sporting Goods, the store that sold the firearms to the Village and [Plaintiff], knew in November 2006 that the Village of Columbus had only purchased four of the firearms and [Plaintiff] had personally purchased the remaining two. The documentation from October and November 2006 related to the purchases unambiguously shows that [Plaintiff] did not purchase the six pistols for the Village of Columbus. Shaun Reynolds, the owner of D&M Sporting goods, knew in November 2006 that [Plaintiff] had paid cash for payment towards two of the [firearms]. Despite this knowledge, D&M fabricated an invoice on January 26, 2007 at the request of law enforcement authorities to support the bogus charges brought against [Plaintiff]–with the invoice showing all six pistols as being purchased by the Village of Columbus. D&M so acted with the intent to cause harm to [Plaintiff].

(*Id.* ¶ 44).

**Procedural Background**

Plaintiff's Complaint alleges three causes of action against D&M. Count V alleges that D&M conspired with the governmental defendants to deprive Plaintiff of constitutional rights and seeks a remedy pursuant to 42 U.S.C. § 1983. (Complaint ¶¶ 115-122). Count XVIII is a negligent

misrepresentation claim against D&M.  (*Id.* ¶¶ 213-219).  Count XXI is a civil conspiracy allegation against D&M.  (*Id.* ¶¶ 233-237).

D&M seeks dismissal of the two conspiracy claims for failure to state a claim for which relief may be granted.  (Motion at 1).  Plaintiff has agreed to dismiss the negligent misrepresentation claim against D&M.  (Motion at 2, n. 1).

**Standard of Review**

"To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 555 U.S. 544 (2007)).  The Tenth Circuit explaining this standard stated:

> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

(*Id.*) (*quoting Ridge at Red hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).  The Court may not dismiss on the ground that it appears unlikely that the allegations can be proven. *Robbins v. Oklahoma*, 519 F.3d at 1247 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").

**Section 1983 Conspiracy Claim**

"When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."  *Scott v. Hern*, 216 F.3d 897, 907

(10th Cir. 2000). However, "[d]irect evidence of a conspiracy is rarely available, and the existence of a conspiracy must usually be inferred from the circumstances." *Fisher v. Shamburg*, 624 F.2d 156, 162 (10th Cir. 1980); *Lessman v. McCormick*, 591 F.2d 605, 611 (10th Cir. 1979) ("In many cases of conspiracy essential information can only be produced through discovery, and the parties should not be thrown out of court before being given an opportunity through that process to ascertain whether the linkage they think may exist actually does."). "[C]aution is advised in any pre-trial disposition of conspiracy allegations in civil rights actions." *Clulow v. Oklahoma*, 700 F.2d 1291, 1303 (10th Cir. 1983).

D&M contends that Plaintiff's allegations fail to specifically present facts tending to show agreement and concerted action between D&M and state actors and, consequently, Plaintiff fails to plead a plausible Section 1983 claim against D&M. (Motion at 4). The Court disagrees.

In Paragraph 44 of the Complaint, quoted in full above, Plaintiff alleges that despite knowing that Plaintiff purchased two of the six handguns for himself, "D&M fabricated an invoice on January 26, 2007 at the request of law enforcement authorities to support the bogus charges brought against [Plaintiff]–with the invoice showing all six pistols as being purchased by the Village of Columbus. D&M so acted with the intent to cause harm to [Plaintiff]." (Complaint ¶ 44). Paragraph 44 tends to show agreement and concerted action between D&M and law enforcement authorities, and gives the Court reason to believe that Plaintiff has a reasonable likelihood of mustering factual support for his claim.

D&M also argues that allegations in the negligent misrepresentation claim raise the inference that the law enforcement authorities did not know the invoice was fabricated and, if true, establish that there was no agreement between D&M and any Defendants. (Motion at 5). The contradiction

between allegations in the conspiracy count and those in the negligent misrepresentation count is a factual issue which the Court will not resolve on a motion to dismiss for failure to state a claim.

The Court will deny D&M's Motion to dismiss Count V of the Complaint against D&M.

**Civil Conspiracy Claim**

"To state an action for civil conspiracy, there must be allegations in the complaint of (1) the existence of a conspiracy; (2) wrongful act done pursuant to the conspiracy; and (3) resulting damages. . . .The existence of a conspiracy must be plead either by direct allegations or by allegations from which a conspiracy can be inferred." *Saylor v. Valles*, 2003-NMCA-037, ¶ 25. In addition,

> It is well established that Plaintiffs cannot recover on a claim for civil conspiracy unless they can recover against *at least one of the conspirators* for a specific wrongful act beyond the conspiracy itself. A civil conspiracy by itself is not actionable, nor does it provide an independent basis for liability unless a civil action in damages would lie against one of the conspirators. A civil conspiracy must actually involve an independent, unlawful act that causes harm-something that would give rise to a civil action on its own.

*Cain v. Champion Window Co. of Albuquerque, LLC,* 2007-NMCA-085, ¶ 28 (*emphasis added*).

D&M contends that Plaintiff's allegations do not set forth facts supporting any illicit agreement between D&M and any Defendant. (Motion at 6). However, paragraph 44 of the Complaint, discussed above, sets forth allegations from which a conspiracy can be inferred.

D&M also argues that because Plaintiff's negligent misrepresentation claim fails, the civil conspiracy claim against D&M fails as a matter of law for lack of a viable underlying claim. (Motion at 7). "[A] conspiracy claim fails as a matter of law when no actionable civil case exists against the defendants." *Vigil v. Public Service Co. of New Mexico*, 2004-NMCA-085, ¶ 20 ("[w]ithout an actionable civil case against *one of the conspirators* ... an agreement, no matter how

conspiratorial in nature, is not a separate, actionable offense.") (*emphasis added*).

Plaintiff's civil conspiracy case alleges D&M and other Defendants conspired to violate Plaintiff's constitutional rights. Plaintiff's Complaint contains claims for several separate actionable offenses. Counts I-IV and VI-VII are claims for violations of Plaintiff's rights under the United States Constitution. The Court will deny D&M's motion to dismiss the civil conspiracy claim for lack of a viable underlying claim.

**IT IS SO ORDERED.**

Dated this 16th day of September, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Michael E. Mozes
5732 Osuna Rd. NE
Albuquerque , NM 87109

*Attorneys for Defendants Village of Columbus, Espinoza, Bolduc, B. Gutierrez, R. Gutierrez, Houltin, Rosenberg, City of Deming Police Department and Sera:*

Gianna M. Mendoza
James P. Sullivan
128 East DeVargas
Santa Fe , NM 87501

*Attorneys for Defendants Perales, Sixth Judicial District Attorney's Office, Flores, Jimenez, Chavez, and Border Operations Task Force:*

Cody R. Rogers
Thomas A. Sandenaw, Jr.
2951Roadrunner Pkwy
Las Cruces , NM 88011

*Attorneys for Defendant D & M Sporting Goods :*

Bryan J. Davis
William Garth Gilchrist
117 Bryn Mawr Drive SE
Albuquerque , NM 87106