IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

       Plaintiff,

v.                                        No. CIV 08-935 MV/WPL

VILLAGE OF COLUMBUS,
EDDIE ESPINOZA, in his individual capacity,
ARMANDO PERALES, in his individual capacity,
TRACY BOLDUC, in her individual capacity,
BLAS GUTIERREZ, in his individual capacity,
ROBERTO GUTIERREZ, in his individual capacity,
BRIAN HOULTIN, in his individual capacity,
ALLEN ROSENBERG, in his individual capacity,
LUNA COUNTY SHERIFF'S OFFICE,
SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
CITY OF DEMING POLICE DEPARTMENT,
ADRIAN FLORES, in his individual capacity,
ERNIE SERA, in his individual capacity,
MIRABEL JIMENEZ, in his individual capacity,
ARNOLD CHAVEZ, in his individual capacity,
BORDER OPERATIONS TASK FORCE, and
D & M SPORTING GOODS,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on Columbus Defendants' Motion for Partial

Summary Judgement Based on Qualified Immunity and Other Grounds and Supporting

Memorandum (Doc. No. 81, filed September 15, 2009).  For the reasons stated below, the Court will

**DENY** the Motion **without prejudice.**

**Defendants' Statement of Undisputed Material Facts**

       Defendants' Statement of Undisputed Material Facts is based solely on Plaintiff's Complaint

and consists of the following seven sentences:

Plaintiff was hired as Chief of Police by Mayor Eddie Espinoza in March of 2006.  (Motion ¶ 1 at 4).  Plaintiff was suspended from his position of Chief of Police on January 24, 2007.  (*Id.* ¶ 2 at 4).  After suspending Plaintiff from his position, Plaintiff returned to his office at the police department and began to gather his belongings in a box.  (*Id.* ¶ 3 at 4).  Defendant Espinoza arrived at Plaintiff's office and attempted to prevent Plaintiff from removing any object from the office.  (*Id.* ¶ 4 at 4).  Defendant Espinoza kicked the box from Plaintiff's hand.  (*Id.* ¶ 5 at 4).  Mayor Espinoza recommended Plaintiff's termination to the Board of Trustees for the Village of Columbus.  (*Id.* ¶ 6 at 4).  In February of 2007, the Board voted to terminate Plaintiff from the position of police chief.  (*Id.* ¶ 7 at 4).

**Discussion**

Defendants Village of Columbus, Eddie Espinoza, Tracy Bolduc, Blas Gutierrez, Robert Gutierrez, Brian Houltin and Allen Rosenburg seek summary judgment on the following eight claims related to Plaintiff's termination from the position of Chief of Police for the Village of Columbus:  Counts I and X are Procedural and Substantive Due Process claims seeking relief pursuant to 42 U.S.C. § 1983; Counts XII-XV and XVII are state law tort claims for breach of implied contract, breach of implied covenant of good faith and fair dealing, prima facie tort, retaliatory discharge, and battery; Count XIX is for violations of the Peace Officer's Employer-Employee Relations Act, NMSA § 29-14-1 *et seq.*

Defendants' Motion argues that the individual defendants are entitled to qualified immunity because Plaintiff did not possess a protected interest in his continued employment as chief of police. (*See* Motion at 5-11).  Defendants also argue that Plaintiff's breach of contract and breach of covenant of good faith and fair dealing claims fail because Plaintiff is exempt from the provisions

of the Village's personnel ordinance.  (*See id.* at 11-12).  Both arguments are based on Defendants'

contention that Plaintiff was not an employee but an appointed public officer.

Defendants' Statement of Undisputed Material Facts indicates that Defendant Espinoza was

the Mayor of the Village of Columbus but does not mention Defendants Bolduc, B. Gutierrez,

R. Gutierrez, Houltin or Rosenburg or discuss whether they are public officials or are otherwise

entitled to assert qualified immunity.  *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991) ("Qualified

immunity is a defense that must be pleaded by a defendant official"); *Wyatt v. Cole*, 504 U.S. 158,

168 (1992) (private parties who conspire with public officials to violate constitutional rights are not

automatically immune from suit).  A qualified immunity "analysis can only proceed after the court

determines that a defendant is entitled to assert qualified immunity in the first instance."  *Weise v.

Casper*, 507 F.3d 1260, 1264 (10th Cir. 2007).

The only material facts in Defendants' Motion, and upon which their contention that Plaintiff

was not an employee but an appointed public officer is based, are allegations from Plaintiff's

Complaint.  (*See* Motion at 4-5).  In their Reply, Defendants argue that "Plaintiff was appointed to

the position of police chief by an elected official, Mayor Espinoza, with the approval of the

governing body, in accordance with state statute" and attach Special Council Meeting Minutes,

dated March 21, 2006, as Exhibit A to their Reply.  (Doc. No. 89 at 3, filed October 13, 2009).

Defendants did not reference the March 21, 2006 Special Council Meeting Minutes in their Motion.

"[W]hen a moving party advances in a reply new reasons and evidence in support of its motion for

summary judgment, the nonmoving party should be granted an opportunity to respond." *Beaird v.

Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998).

> The reasons for the general rule forbidding new arguments in reply are considered
> two-fold. First, to allow an appellant to raise new arguments at this juncture would

be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response.  Secondly, it would also be unfair to the court itself, which, without the benefit of a response from appellee to an appellant's late-blooming argument, would run the risk of an improvident or ill-advised opinion, given our dependence as an Article III court on the adversarial process for sharpening the issues for decision.

*Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (*quotation marks and citations omitted*).

Because Defendants have not shown that Defendants Bolduc, B. Gutierrez, R. Gutierrez, Houltin or Rosenburg are entitled to assert qualified immunity, and because Plaintiff has not had an opportunity to respond to the Special Council Meeting Minutes, the Court will deny Defendants' Motion without prejudice.  Defendants may file a revised motion for summary judgment.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2010.

**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Michael E. Mozes
5732 Osuna Rd. NE
Albuquerque , NM 87109

*Attorneys for Defendants Village of Columbus, Espinoza, Bolduc, B. Gutierrez, R. Gutierrez, Houltin, Rosenberg, City of Deming Police Department and Sera:*

Gianna M. Mendoza
James P. Sullivan
128 East DeVargas
Santa Fe , NM 87501

*Attorneys for Defendants Perales, Sixth Judicial District Attorney's Office, Flores, Jimenez, Chavez, and Border Operations Task Force:*

Cody R. Rogers
Thomas A. Sandenaw, Jr.
2951Roadrunner Pkwy
Las Cruces , NM 88011

*Attorneys for Defendant D & M Sporting Goods :*

Bryan J. Davis
William Garth Gilchrist
117 Bryn Mawr Drive SE
Albuquerque , NM 87106