**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PAUL ARMIJO,

        Plaintiff,

v.                                   No. CV 08-935 MV/WPL

VILLAGE OF COLUMBUS,
EDDIE ESPINOZA, in his individual capacity,
ARMANDO PERALES, in his individual capacity,
TRACY BOLDUC, in her individual capacity,
BLAS GUTIERREZ, in his individual capacity,
ROBERTO GUTIERREZ, in his individual capacity,
BRIAN HOULTIN, in his individual capacity,
ALLEN ROSENBERG, in his individual capacity,
LUNA COUNTY SHERIFF'S OFFICE,
SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
CITY OF DEMING POLICE DEPARTMENT,
ADRIAN FLORES, in his individual capacity,
ERNIE SERA, in his individual capacity,
MIRABEL JIMENEZ, in his individual capacity,
ARNOLD CHAVEZ, in his individual capacity,
BORDER OPERATIONS TASK FORCE, and
D & M SPORTING GOODS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants Perales, Flores, Jimenez, Chavez and Border Operations Task Force's Motion for Summary Judgment on Plaintiff's Claims and Memorandum in Support (Doc. No. 85, filed October 6, 2009).  For the reasons stated below, the Court will **DENY** the Motion **without prejudice.**

This case arises, in part, out of the investigation and arrest of Plaintiff.  Plaintiff alleges that Defendants Perales, Flores, Jimenez, Chavez and Border Operations Task Force ("BOTF Defendants") violated his civil rights during their investigation of Plaintiff's alleged criminal

activity, in seeking search and arrest warrants, performing searches and arresting Plaintiff.

In their Motion now before the Court, the BOTF Defendants assert, among other things, that Defendants Perales, Flores, Jimenez, Chavez are entitled to qualified immunity with regard to Plaintiff's claims at Counts II, III, VI and VII of his Complaint relating to unreasonable search and seizure, wrongful arrest, and false imprisonment.  (Motion at 7-11).  Counts III, VI and VII allege that the arresting officers violated Plaintiff's constitutional rights.  Counts III and VII, Wrongful Arrest and False Imprisonment, refer to "the arresting officers" but do not identify the arresting officers by name, and do not mention by name any of the individual BOTF Defendants.  (Complaint ¶¶ 100-107 at 18-19 and ¶¶ 129-136 at 22-23 , Doc. No. 1, filed October 9, 2008).  Count VI, Unlawful Seizure/Wrongful Arrest alleges that Defendants "Perales and Jimenez fabricated information included in the affidavit for the arrest warrant" but does not identify the arresting officers.  (Complaint  ¶¶ 123-128 at 20-21).  The BOTF Defendants do not identify the arresting officers in their statement of Undisputed Material Facts.  (Motion at 3-5).

A motion must "state with particularity the grounds for seeking the order; and . . . state the relief sought."  Fed. R. Civ. P. 7(b)(1); *see also* D.N.M.LR-Civ. 7.1(a).  "The particularity requirement gives notice to the court and the opposing party, providing the opposing party a meaningful opportunity to respond and the court with enough information to process the motion correctly."  *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 983 (8th Cir. 2008).  Because their Motion does not indicate which of the BOTF Defendants seeking qualified immunity were the arresting officers, the Court will deny the motion without prejudice.  The BOTF Defendants may file a revised motion.

The BOTF Defendants' Motion seeks summary judgment on ten claims in Plaintiff's Complaint. (Motion at 2). The BOTF Defendants include the BOTF and four individuals. (Motion at 1). The four individuals had different roles and levels of involvement in the various events leading up to this lawsuit, for example: (1) Defendant Chavez initiated the investigation of allegations regarding Plaintiff; (2) Defendants Jimenez and Perales investigated the allegations regarding Plaintiff; and (3) Defendant Flores did not conduct any part of the investigation, instead his involvement was limited to writing one of the search warrants and assisting in the execution of the warrants. (Motion at 3; Reply at 6-7, Doc. No. 101, filed November 6, 2009). The Court advises Plaintiff and the BOTF Defendants that meeting their respective burdens on a motion for summary judgment may, for some of the claims, require that they address each of the individual Defendants separately instead of as a group. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) (a district court is not obligated to comb the record in order to make a party's argument for them).

**IT IS SO ORDERED.**

Dated this 28th day of July, 2010.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Michael E. Mozes
5732 Osuna Rd. NE
Albuquerque , NM 87109

*Attorneys for Defendants Village of Columbus, Espinoza, Bolduc, B. Gutierrez, R. Gutierrez, Houltin, Rosenberg, City of Deming Police Department and Sera:*

Gianna M. Mendoza
James P. Sullivan
128 East DeVargas
Santa Fe , NM 87501

*Attorneys for Defendants Perales, Sixth Judicial District Attorney's Office, Flores, Jimenez, Chavez, and Border Operations Task Force:*

Cody R. Rogers
Thomas A. Sandenaw, Jr.
2951Roadrunner Pkwy
Las Cruces , NM 88011

*Attorneys for Defendant D & M Sporting Goods :*

Bryan J. Davis
William Garth Gilchrist
117 Bryn Mawr Drive SE
Albuquerque , NM 87106