IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL ARMIJO,**

      **Plaintiff,**

vs.                                                      **CIV No. 08cv935 MV/WPL**

**VILLAGE OF COLUMBUS,**
**EDDIE ESPINOZA, in his individual capacity,**
**ARMANDO PERALES, in his individual capacity,**
**TRACY BOLDUC, in her individual capacity,**
**BLAS GUTIERREZ, in his individual capacity,**
**ROBERTO GUTIERREZ, in his individual capacity,**
**BRIAN HOULTIN, in his individual capacity,**
**ALLEN ROSENBERG, in his individual capacity,**
**LUNA COUNTY SHERIFF'S OFFICE,**
**SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,**
**CITY OF DEMING POLICE DEPARTMENT,**
**ADRIAN FLORES, in his individual capacity,**
**ERNIE SERA, in his individual capacity,**
**MIRABEL JIMENEZ, in his individual capacity,**
**ARNOLD CHAVEZ, in his individual capacity,**
**BORDER OPERATIONS TASK FORCE,**
**D & M SPORTING GOODS,**

      **Defendants**.

**PLAINTIFF'S RESPONSE TO COLUMBUS DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED
IMMUNITY AND OTHER GROUND AND SUPPORTING MEMORANDUM
FILED ON AUGUST 12, 2010**

      **COMES NOW** Plaintiff Paul Armijo [hereinafter "Armijo"], by and through his counsel of record, Law Offices of Michael E. Mozes, P.C. (Michael E. Mozes), and hereby submits his Response to Columbus Defendants' Motion for Partial Summary Judgment Based on Qualified Immunity and Other Grounds ans Supporting Memorandum Filed on August 12, 2010.  As grounds therefor, Armijo states as follows:

## I. INTRODUCTION

On June 25, 2010, the Court filed its Order dismissing without prejudice the Columbus Defendants' motion for summary judgment and permitting the Village of Columbus Defendants' to file a revised motion for summary judgment. (Doc. 125). The basis for the allowance of filing a revised motion was that the Columbus Defendants had not properly identified the individual Columbus Defendants sought to be dismissed on the basis of qualified immunity and that Armijo should have an opportunity to respond to the March 21, 2006 minutes attached to the Reply Brief. *Id.*

On August 12, 2010, the Columbus Defendants' filed the revised motion for summary judgment. (Doc. 127). Other than the addition of a few additional allegedly undisputed material facts based upon an Affidavit from Allen Rosenberg, the revised motion tracks precisely the facts and arguments set forth in the Village of Columbus Defendants' original motion for summary judgment filed on September 15, 2009. (Doc. 81).

In light of these circumstances, Armijo will merely address in this additional Response to the Columbus Defendants' motion for summary judgment the two matters brought forward through the revised motion for summary judgment: (1) Whether the individually-named Columbus Defendants are entitled to dismissal on the basis of qualified immunity and (2) Whether inclusion of the March 12, 2006 minutes eliminates a genuine issue of material fact regarding Armijo's employment status while Columbus Police Chief.

Armijo hereby fully adopts and incorporates all the facts and arguments set forth in his original Response filed with this Court on September 29, 2009. (Doc. 84). To the extent this Response addresses the arguments put forward by the Columbus Defendants, it does so in conjunction with the original Response.

## II.  STATEMENT OF DISPUTED MATERIAL FACTS

In addition to those disputed material facts set forth in the original Response brief, Armijo includes the following additional disputed facts arising from the material facts set forth by the Columbus Defendants in the August 12, 2010 brief:

      1.    Armijo hereby disputes the Defendants' M.F. No. 2.  *See Armijo's Resp. To Mot. For Summ. Judg., Doc. 84, Supp. M.F. Nos. 1-19*.  Furthermore, the Minutes attached as Exhibit 1 to the Rosenberg Affidavit, *Def's Exh. A, Exh. 1*, nowhere specifically refer to Armijo as being an "appointed employee."  Indeed, where the aforementioned Village minutes specifically refer to another employee, the Clerk-Treasurer, as being notified "that her position was an at-will position and she will be serving at the will of the Mayor," the absence of such language in referring to Armijo filling the Police Chief position does nothing but raise an issue of material fact on his employment status.  *Id.*  The numerous supplemental facts noted above and the ambiguity in the March 21, 2006 minutes, when coupled with the fact that the affiant upon whom the Columbus Defendants relied to prove Armijo's appointment testified in his deposition in contradiction of paragraph 2 of his Affidavit, suffices to raise a genuine issue of material fact on whether Armijo was appointed or not.

## III.  ARGUMENTS AND AUTHORITIES

    **A.**    **The Columbus Defendants' Identification Of The Individually-Named Defendants Supposedly Meriting Qualified Immunity Does Nothing To Cure The Fact That Armijo Has Raised An Issue Of Fact On Whether These Defendants Should Be Granted Summary Judgment.**

Armijo does not dispute that the individually-named Columbus Defendants are public officials to whom qualified immunity *might* attach–depending on the circumstances of the case. However, it is the individually-named Columbus Defendants who must present facts to this Court showing that no genuine issue of fact exists on whether these public officials should be

accorded qualified immunity and granted summary judgment under the facts of this case. It is simply insufficient to just state that these individuals are public officials and, therefore, should be dismissed. *See Armijo's Original Resp. Brf.*, pp. 8-9.

As these Defendants state, their motion for summary judgment is only directed at Armijo's employment-related claims. *Defs' Memo. Brf. at 3.* For that limited purpose, Armijo agrees that the individually-named Columbus Defendants Sera and Bolduc should be granted summary judgment with respect to Counts I, X, XII, XIII, XIV, XV, XVII, and XIX.

However, the remaining individually-named Columbus Defendants–Eddie Espinoza, Blas Gutierrez, Robert Gutierrez, Brian Houliton, and Allen Rosenberg–do not merit a grant of summary judgment on Armijo's employment-related claims. These individuals, as admitted by the Columbus Defendants, were decision-makers in the hiring and firing of Armijo. *See Defs' Mem. Brf., pp. 4-5 and Affidavit of A. Rosensberg, attached as Exh. A to Defs' Memo. Brf., ¶¶ 2, 4, 5, and 6.* In the interest of not duplicating arguments previously made and not wasting the Court's time and resources, Armijo states that he conclusively showed that his employment status with the Village of Columbus was that of a regular employee. *Armijo's Original Resp. Brf., pp. 9-14 and Statement of Supp. M.Fs., pp. 4-6.*

Furthermore, Armijo demonstrated in his original briefing Response that he had a protected constitutional interest in employment and that the law regarding this interest was clearly established at the time. *Armijo's Original Resp. Brf., pp. 9-16.* The Columbus Defendants have not put forward **one** single fact in their briefing from any of the individually-named Defendants that calls into dispute Armijo's contention that these Defendants knew of Armijo's constitutional interest and whether it was clearly established. Rather, Defendants have chosen to rest any factual or legal argument on the fiction that Armijo was an appointed

employee not subject to Ordinance 297.

> **B.   The March 21, 2006 Minutes Do Nothing But Raise Additional Issues Of Genuine Disputed Fact.**

Rosenberg and Blas Gutierrez, Trustees of the Village of Columbus, have both admitted in their depositions that they know of no category of "at-will" employment that the Village of Columbus hired Armijo pursuant to.  Depo. of A. Rosenberg, p. 67, attached hereto as Exhibit 1; Depo. of B. Gutierrez, pp. 29-30, attached hereto as Exhibit 2.  Indeed, Rosenberg goes even farther and denies that the Village of Columbus appointed Armijo under the provisions of Ordinance 297, Section 2.5.  *See Armijo's Exh. 6, p. 4, § 2.5, Original Res. Brf.*

Such testimony accords with what is set forth in the March 21, 2006 minutes.  Under a sub-heading of "Appointment of At-Will Employees," the minutes proceed to describe the circumstances under which several employees, including Armijo, were hired.  *Defs' Resp. Brf. Filed 8/12/10, Exh. A, Exh. 1*.  Nicole Lawson, the newly-hired Clerk-Treasurer of the Village is referenced as being "notified . . . that her position is an at-will position and she will be serving at the will of the Mayor."  Armijo is also noted as an "at-will" employee in the March 21, 2006 minutes.  *Id.*

Whether Armijo was, however, an at-will employee requires more than a mere historical designation in a document–the Court must look behind the designation to verify that the nature of the employment is "at-will."  *See Armijo's Original Resp. Brf., pp. 5-6 and 10-14*.  The duties that Armijo performed and the manner in which those duties were performed were those of a regular Village of Columbus employee–including being advised he could only be discharged for cause, he would work 40 hours per week, he would be paid overtime, and he would take annual performance evaluations.  *Id. at 5-6.*

The minutes of the February 14, 2007 meeting of the Board of Trustees, *Armijo's Exh. 8,*

*attached to Original Resp. Brf.*, conclusively prove that appointment to the police chief position did not occur until after Armijo was removed.  It was on this date that the Village of Columbus first decided to appoint a police chief according to statute.  No prior minutes indicate such an appointment because no such appointment had occurred.

Set against this factual background, the March 21, 2006 minutes do nothing but create additional issues of disputed fact on the nature of Armijo's employment, the reasonable expectations exercised by Armijo regarding his employment, and the consequence of that employment status on Armijo's claims.

### IV.  CONCLUSION

In light of the foregoing arguments and evidence, Armijo respectfully requests that this Court deny in all respects the Columbus Defendants' motion for summary judgment, excepting the dismissal of Sera and Bolduc regarding the employment-related claims, and for such further relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

 */s/ Michael E. Mozes*
MICHAEL E. MOZES
Attorney for Plaintiff Armijo
5732 Osuna N.E.
Albuquerque, NM 87109
(505) 880-1200
(505) 881-2444 (FAX)

**I HEREBY CERTIFY** that a copy of the foregoing pleading was served on all counsel of record via the CM/ECF system on this 24th day of August, 2010.

*/s/ Michael E. Mozes*
MICHAEL E. MOZES

6