IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

        Plaintiff,

v.                                         Civ. No. 08cv935 MV/WPL

VILLAGE OF COLUMBUS,
EDDIE ESPINOZA, in his individual capacity,
ARMANDO PERALES, in his individual capacity,
TRACY BOLDUC, in her individual capacity,
BLAS GUTIERREZ, in his individual capacity,
ROBERTO GUTIERREZ, in his individual capacity,
BRIAN HOULTIN, in his individual capacity,
ALLEN ROSENBERG, in his individual capacity,
LUNA COUNTY SHERIFF'S OFFICE,
SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
CITY OF DEMING POLICE DEPARTMENT,
ADRIAN FLORES, in his individual capacity,
ERNIE SERA, in his individual capacity,
MIRABEL JIMENEZ, in his individual capacity,
ARNOLD CHAVEZ, in his individual capacity,
BORDER OPERATIONS TASK FORCE, and
D & M SPORTING GOODS,

        Defendants.


**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** comes before the Court on Defendant D&M Sporting Goods, LLC's

Motion for Summary Judgment on Count V of Plaintiff's Complaint and Request for Attorneys'

Fees (Doc. No. 86, filed October 6, 2009).  For the reasons stated below, the Court will **DENY** the

Motion **without prejudice.**

**Background**

      Some of the events leading up to this case occurred on January 24, 2007, when the Mayor

of the Village of Columbus placed Plaintiff, who at the time was the Chief of Police for the Village,

on administrative leave and allegedly battered Plaintiff.  (*See* Complaint ¶¶ 22-34 at 4-6, Doc. No. 1, filed October 9, 2008).  Plaintiff then filed a report with the New Mexico State police regarding the alleged battery.  (*Id.* ¶ 36 at 6-7).  About that same time, some law enforcement agencies began an investigation into allegations of misconduct involving Plaintiff.  (*Id.* ¶ 37 at 7).  Plaintiff contends that this "investigation was motivated by reprisal due to [Plaintiff's] filing of the police report for the January 24, 2007 [battery] incident."  (*Id.*).  Plaintiff alleges that as a result of the investigation, several Defendants violated his constitutional rights by conducting unreasonable searches and seizures, wrongfully arresting him, and falsely imprisoning him.  (*Id.* at 7-23).  The searches and arrest were based, in part, on allegations that Plaintiff stole two of six handguns purchased by the Village of Columbus.  (*Id.* 40-45 at 8-9).

In Count V of his Complaint, Plaintiff alleges that D&M conspired with the law enforcement Defendants to violate Plaintiff's constitutional rights.  (*Id.* ¶¶ 115-122 at 20-21).  D&M is a private entity that sells firearms.  (Motion at 3-7).  D&M's involvement in the events leading up to this case began in October 2006 when Plaintiff Chief of Police sought a bid from D&M for the purchase of six handguns for the Village of Columbus Police Department.  (Motion at 3).  D&M eventually delivered six handguns to Plaintiff. (Motion at 4).  Plaintiff contends that the Village only purchased four of the handguns and that he purchased the remaining two handguns for his personal use. (Response at 5-6).  Plaintiff also contends that D&M provided law enforcement agents with a "fictitious" receipt showing that the Village purchased six handguns, that the "fictitious" receipt was the only evidence that the Village purchased six handguns, and that the "fictitious" receipt was "the linchpin of the unconstitutional search."  (Response at 11).  Plaintiff argues that because D&M was a willful participant in joint action with law enforcement agents, D&M is a state actor under

42 U.S.C. § 1983.  (Response at 10-14).

**D&M's Statement of Material Facts**

The following is D&M's entire Statement of Material Facts.

In October of 2006, while employed as the Chief of Police of the Village of Columbus, New Mexico, Plaintiff sought and obtained a bid from D&M for the purchase of six XD40 handguns for the Village of Columbus Police Department.  (Motion ¶ 1 at 3).  The bid sheet issued by D&M on October 26, 2006, specified that the Village of Columbus Police Department could purchase six XD40 handguns from D&M at a total cost of $3,244.00 - equal to $524.00 per gun.  (*Id.* ¶ 2 at 3).

Pursuant to that bid sheet, Plaintiff drafted and signed a letter on October 31, 2006, on Village of Columbus letterhead, accepting the bid issued by D&M on October 26, 2006.  (*Id.* ¶ 3 at 3).  Plaintiff's October 31, 2006, letter to D&M stated that all six guns would be used for the Village of Columbus Police Department, and it provided D&M with a purchase order number, as required by D&M's bid.  (*Id.* ¶ 4 at 3).

Pursuant to Plaintiff's letter of October 31, 2006, Shaun Reynolds, the owner of D&M, ordered six XD40 handguns for the Village of Columbus, and he received them on November 17, 2006.  (*Id.* ¶ 5 at 4).  Upon receiving the six guns, Mr. Reynolds created a receipt, specifying that the six guns were for the Village of Columbus, listing the serial numbers of all six guns, and stating that the total cost of the six guns was $3,144.00, or $524.00 per gun.  (*Id.* ¶ 6 at 4).  On November 21, 2006, Plaintiff picked up the six guns from D&M and signed the receipt indicating that all six guns were for the Village of Columbus and that each gun cost $524.00.  (*Id.* ¶ 7 at 4).

On November 22, 2006, the Village of Columbus issued a check to D&M for $2,360.00.  (*Id.* ¶ 8 at 4).  When Mr. Reynolds opened the envelope containing the check and realized it was for the

incorrect amount, he contacted Tracy Bolduc, an officer with the Village of Columbus Police Department. (*Id.* ¶ 9 at 4-5). Ms. Bolduc assured Mr. Reynolds that he would receive the remainder of the payment for the six guns. (*Id.* ¶ 9 at 5). On December 12, 2006, D&M received the remainder of the balance due on the six guns - $784.00 in cash - and issued a receipt made out to the "Village of Coumbus" for the pay off of the balance due on those six guns. (*Id.* ¶ 10 at 5). Prior to paying the remaining balance due on the six handguns on December 12, 2006, the Village of Columbus had made other cash purchases from D&M. (*Id.* ¶ 11 at 5).

On or about January 26, 2007, Mr. Reynolds was contacted by law enforcement and asked to provide a copy of D&M's file concerning the purchase of the six handguns. (*Id.* ¶ 12 at 5). Because law enforcement wanted to be sure that it had the correct serial numbers of the six guns, Mr. Reynolds was asked to create a type-written list of those serial numbers, and he did so. (*Id.*). The type-written List of Items Purchased produced by D&M on January 26, 2007, does not differ in any material respect from the November 17, 2006, receipt signed by Plaintiff. (*Id.*). Prior to creating the List of Items Purchased on January 26, 2007, Mr. Reynolds did not know of Plaintiff's alleged intent to purchase two of the handguns for Plaintiff's personal use. (*Id.* ¶ 13 at 5).

Although Plaintiff knew that if he was going to purchase firearms from D&M for his personal use he would have to complete a federal Alcohol, Tobacco, and Firearms Form 4473, he did not complete such a form with respect to any of the six handguns purchased by the Village of Columbus. (*Id.* ¶ 14 at 6). Nor did he ever ask D&M for such a form with respect to any of those six guns. (*Id.*).

No law enforcement officer or agency asked D&M to create any false documents or to conspire in the prosecution of Plaintiff for embezzlement. (*Id.* ¶ 15 at 6).

4

**Joint Action**

D&M seek entry of summary judgment in its favor on Count V of Plaintiff's Complaint "42 U.S.C. § 1983, Fourteenth Amendment of the United States Constitution, Conspiracy." Count V alleges that D&M conspired with public defendants to violate Plaintiff's constitutional rights. (Complaint §§ 44, 115-122, Doc. No. 1, filed October 8, 2009). D&M is a private defendant, organized in New Mexico as a limited liability company. (Motion at 7). D&M contends that because it is a private entity, Plaintiff must prove that D&M's alleged actions were "state action" or taken "under color of law" in order to prevail on his claim of conspiracy under 42 U.S.C. § 1983. (*Id.*); *see Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (Under Section 1983, liability attaches only to conduct occurring "under color of state law," consequently, "the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity").

The Supreme Court of the United States has set forth a two-part test for the existence of state action:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible. . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). "The [Supreme] Court has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case." *Gallagher*, 49 F.3d at 1447. Those tests include the nexus test, the symbiotic relationship test, the joint action test, and the public function test. *See id.* at 1447-1457. D&M argues that summary judgment should be granted under each of the four tests and states that it "believes that the joint

5

action test bears the closest relation to the current matter." (Motion at 8-19). Plaintiff notes that D&M addressed all four tests and states that he "will solely address the test he believes relevant to his claims–the joint action test." (Response at 10). Under the joint action test, state action is present "if a private party is a willful participant in joint action with the State or its agents." *Gallagher*, 49 F.3d at 1453. "[S]tate and private entities must share a specific goal to violate the plaintiff's constitutional rights by engaging in a particular course of action." *Id.* at 1455.

D&M contends that furnishing information requested by law enforcement officers does not constitute joint action which would render D&M liable under Section 1983.

> To prove a conspiracy between private parties and the state under Section 1983, the plaintiff must show a joint participation, agreement, or meeting of the minds to violate constitutional rights. And, there must be sufficient evidence of a conspiracy to prevent the jury from engaging in sheer speculation and conjecture.

*Aly v. Rocky Mountain Holding L.L.C.*, 203 F.3d 834, 2000 WL 18878 *4 (10th Cir.)(unpublished opinion). "The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985." *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983); *Moore v. The Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985) ("providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983); *see also Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983)("The mere acquiescence of the bank employees to the investigation request of the FBI to view Fonda's bank records is, without more, insufficient to prove a conspiracy"); *see also Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000) (defendant's "mere lack of concern or even recklessness for causing the violation of others' constitutional rights would not seem to rise to the level of establishing [defendant's] liability under section 1983").

While the mere furnishing of information, by itself, does not constitute joint action, courts also look at whether the facts indicate whether the judgment of a private party was substituted for that of the police or if the circumstances allowed a private party to exercise state power.  *See Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987).  The Tenth Circuit has held that citizens who made complaints to police officers that resulted in arrests were not state actors because the Tenth Circuit found nothing in the record from which it "could infer that the allegedly unconstitutional arrests resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power."  *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1454 (10th Cir. 1995) (*citing Carey v. Continental Airlines, Inc.*, 823 F.2d 1402 (10th Cir. 1987) and *Lee v. Town of Estes Park*, 820 F.2d 1112 (10th Cir. 1987) ("In both cases, the record indicated that the police officers had made an independent decision to make the challenged arrest")).  In another case the Tenth Circuit concluded that a store security guard who reported a suspected shoplifter to the police was a state actor where "the officer that made the arrest did not did not make an independent investigation but relied on the judgment of the security guards."  *Gallagher*, 49 F.3d at 1454 (*citing Lusby v. T.G.&Y. Stores, Inc.*, 749 F.2d 1423 (10th Cir. 1984).  Other circuits have also evaluated a private party's liability under Section 1983 by determining whether law enforcement authorities relied exclusively on a private party's judgment to search or arrest a person rather than making an independent investigation and decision to arrest the person.  *See Cruz v. Donnelly*, 727 F.2d 79, 81-82 (3d Cir. 1984) (holding that even though the shopkeeper asked the police to search the suspect, the decision to search was the decision of the police, and that the actions of the shopkeeper were not under the color of law); *Smith v. Brookshire Bros., Inc.*, 519 F.2d 93,

94-95 (5th Cir. 1975) (store employees may be considered to be acting jointly with police when the police will detain accused shoplifters without making an independent investigation); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 326-327 (7th Cir. 1978) (no joint action where defendant only supplied information to police officers who then acted on their own initiative in arresting plaintiff); *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 559 (8th Cir. 1989) (concluding that defendant acted in concert with state officials where police and the prosecuting attorney relied on defendant's statement instead of performing an independent investigation of the facts); *Arnold v. International Bus. Machines Corp.*, 637 F.2d 1350, 1358 (9th Cir. 1981) (noting that there is nothing to indicate that the authorities relied at all, let alone exclusively, on defendants' judgment in arresting defendant and in searching his residence).  Finally, in a case where the plaintiff challenged the seizure of his truck and sued the state officials and the wrecking company that towed and sold his truck, the Tenth Circuit "found the company to be a state actor because it had jointly participated in seizing the truck by towing it away and because the company's sale of the plaintiff's property was an integral part of the deprivation."  *Coleman v. Turpen*, 697 F.2d 1341, 1345 (10th Cir. 1982).

  D&M's Statement of Material Facts does not set forth sufficient facts to show that D&M did not act in concert with law enforcement officers regarding the searches and arrest of Plaintiff.  D&M states only that "No law enforcement officer or agency asked D&M to create any false documents or to conspire in the prosecution of Plaintiff for embezzlement.  (Motion ¶ 15 at 6).  The absence of a statement to conspire is not sufficient to show the absence of a conspiracy.  *See Telman v. United States*, 67 F.2d 716 (10th Cir. 1933) ( "It is sufficient to show that the minds of the parties met in an understanding way so as to bring about an intelligent and deliberate agreement to do the act or acts charged, although such an agreement is not manifested by any formal words.").  Nor does

8

D&M set forth any statements of material facts regarding whether the law enforcement parties made an independent decision to arrest Plaintiff and perform the searches, whether D&M's judgment was substituted for that of the law enforcement defendants, whether D&M was allowed to exercise state power, or whether D&M's actions constituted an integral part of the deprivation of Plaintiff's rights.

The Court will deny D&M's Motion for Summary Judgment because D&M failed to meet its "initial burden of presenting evidence to show the absence of a genuine issue of material fact." *See Justice v. Crown Cork and Seal Co., Inc.*, 527 F.3d 1080, 1085 (10th Cir. 2008); *see also* FED. R. CIV. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").

D&M also requests that the Court award it its attorneys' fees incurred in defending against Plaintiff's unreasonable and vexatious pursuance of his frivolous case against D&M. (Motion at 19-25). The Court will deny D&M's request for attorneys' fees as premature because the Court has not resolved Plaintiff's conspiracy claim against D&M or D&M's pending malicious abuse of process counterclaim against Plaintiff. (*See* D&M's Motion for Default Judgment against Counterdefendant Armijo as to Counterclaimant D&M Sporting Goods, LLC's Counterclaim, Doc. No. 116, filed April 5, 2010 (asserting that damages on its counterclaim will include attorneys' fees it has expended defending against Plaintiff's claims)).

**IT IS SO ORDERED.**

Dated this 24th day of September , 2010.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

9

*Attorney for Plaintiff:*

Michael E. Mozes
5732 Osuna Rd. NE
Albuquerque , NM 87109

*Attorneys for Defendants Village of Columbus, Espinoza, Bolduc, B. Gutierrez, R. Gutierrez, Houltin, Rosenberg, City of Deming Police Department and Sera:*

Gianna M. Mendoza
James P. Sullivan
128 East DeVargas
Santa Fe , NM 87501

*Attorneys for Defendants Perales, Sixth Judicial District Attorney's Office, Flores, Jimenez, Chavez, and Border Operations Task Force:*

Cody R. Rogers
Thomas A. Sandenaw, Jr.
2951Roadrunner Pkwy
Las Cruces , NM 88011

*Attorneys for Defendant D & M Sporting Goods :*

Bryan J. Davis
William Garth Gilchrist
117 Bryn Mawr Drive SE
Albuquerque , NM 87106