## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

     **Plaintiff,**

v.                                         CV No. 08cv935 MV/WPL

VILLAGE OF COLUMBUS,
EDDIE ESPINOZA, in his individual capacity,
ARMANDO PERALES, in his individual capacity,
TRACY BOLDUC, in her individual capacity,
BLAS GUTIERREZ, in his individual capacity,
ROBERTO GUTIERREZ, in his individual capacity,
BRIAN HOULTIN, in his individual capacity,
ALLEN ROSENBERG, in his individual capacity,
LUNA COUNTY SHERIFF'S OFFICE,
SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
CITY OF DEMING POLICE DEPARTMENT,
ADRIAN FLORES, in his individual capacity,
ERNIE SERA, in his individual capacity,
MIRABEL JIMENEZ, in his individual capacity,
ARNOLD CHAVEZ, in his individual capacity,
BORDER OPERATIONS TASK FORCE,
D&M SPORTING GOODS,

     **Defendants**.

### DEFENDANTS PERALES, FLORES, JIMENEZ, CHAVEZ AND BORDER OPERATIONS TASK FORCE'S REVISED MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FOURTEENTH AMENDMENT AND RETALIATORY PROSECUTION CLAIMS AND MEMORANDUM IN SUPPORT

COMES NOW Defendants Armando Perales, Adrian Flores, Mirabel Jimenez, Arnold

Chavez, and the Border Operations Task Force ("BOTF") (hereinafter "BOTF Defendants"), by and

through their attorneys of record, SANDENAW LAW FIRM, P.C. (T.A. Sandenaw, Jr., and Cody

R. Rogers) and hereby move this Court for its Order granting summary judgment as to Plaintiff's

claims for false imprisonment in violation of the Fourteenth Amendment (Count VII) ; violation of

liberty interests in reputation (Count VIII), and retaliatiory prosecution in violation of the First

Amendment (Count IV) against the above-named Defendants. In support thereof, BOTF Defendants state as follows:

## I.

## <u>INTRODUCTION</u>

This lawsuit arises out of the investigation, arrest and prosecution of criminal charges against Plaintiff relating to police corruption issues which arose while Plaintiff was the police chief of Columbus, New Mexico.  Plaintiff alleged in his lengthy Complaint for Damages From Violations of Civil and Constitutional Rights, Retaliatory Discharge, Malicious Abuse of Process, Negligent Misrepresentation, Prima Facie Tort, Violations of the Peace Officer's Employer-Employee Relations Act, Negligence, Civil Conspiracy, Defamation, Slander Per Se, Conversion, Breach of An Implied Contract of Employment, Breach of the Covenant of Good Faith and Fair Dealing, And False Imprisonment/False Arrest and Battery ("Complaint") that BOTF Defendants violated his civil rights in a number of ways in investigating Plaintiff's alleged criminal activity and seeking search and arrest warrants relating to such.  *See,* Complaint at Counts II, III, IV, V, VI, VII, VIII, XVI, XXI and XXIV.   However, the undisputed material facts of the case show that  Plaintiff's claims for Fourteenth Amendment violations fail as a matter of law where there is no genuine issue of fact with regard to Plaintiff's inability to demonstrate the required elements of the claim.  Plaintiff's claim for retaliatory prosecution fails as a matter of law where there is no genuine issue of fact with regard to Plaintiff's inability to demonstrate the required elements of the claim.  As such, summary judgment is appropriate and should be granted.

## II.

## UNDISPUTED MATERIAL FACTS

1.     Defendants Jimenez, Chavez, Perales and Flores were at all times material to Plaintiff's Complaint employed by the Sixth Judicial District Attorney's Office as criminal investigators.  *See,* Deposition of Arnold Chavez, attached hereto as Exhibit A at 9: 4-16.

2.     Defendants Flores and Perales were also attached full-time to the BOTF, a federally-funded task force made up of local law enforcement agencies and Immigration and Customs Enforcement. These Defendants' attachment to the BOTF is the only way in which BOTF is involved in the events that form the basis for Plaintiff's complaint.  *See,* Deposition of Larry Lutonsky, attached hereto as Exhibit B at 5:20 - 24; 6:24 - 7:7; 9:6-20.

3.     Sometime in early 2007, Investigator Arnold Chavez received multiple allegations of Plaintiff's involvement in police corruption issues, including inventory problems with evidence, the improper disposal of seized vehicles, mishandling of money, and inventory problems with Village of Columbus ("VOC") Police Department property.  *See,* Exhibit A at 24:22 - 25: 7.

4.     Investigator Chavez assigned Defendants Jimenez and Perales to investigate the allegations regarding Plaintiff.  *See,* Exhibit A at 24:10-21; 26:25: - 27: 5.

5.     The investigation into Plaintiff's conduct commenced prior to the alleged incident between Eddie Espinoza and Plaintiff, wherein Plaintiff alleged that he was battered by Eddie Espinoza.  *See,* Exhibit A at 30:5 - 20.

6.     The investigation was not commenced in retaliation for Plaintiff's filing of a report regarding the alleged battery with the New Mexico State Police.  Defendants were unaware that Plaintiff had filed such a report until after the investigation was commenced. *See,* Deposition of Paul

Armijo, attached hereto as Exhibit C, at 224: 9 - 16; 178:3-17.

7.      As part of the investigation regarding Plaintiff, Defendants Jimenez and Perales interviewed Tracy Bolduc, then an officer with the Village of Columbus Police Department.  *See*, Deposition of Tracy Bolduc, attached hereto as Exhibit D at 38:12-15.

8.      Officer Bolduc informed Defendants of Plaintiff's involvement in what she considered improprieties regarding the Village of Columbus Police Department's purchase of six (6) handguns, improper handling of Village of Columbus funds, improper use of seized vehicles, problems with the evidence inventory at the Village of Columbus, and improper transfer of Village of Columbus Property to the Republic of Mexico.  *See,* Exhibit D at 34: 10 - 36:18; 44: 1-14; 55: 10 -56:14; Exhibit 1 to Deposition of Tracy Bolduc.

9.      During the investigation, Defendants Jimenez and Perales also interviewed Officer Ernie Sera, an officer with the Village of Columbus Police Department.  *See*, Deposition of Ernie Sera, attached hereto as Exhibit E at 47:7-16.

10.     Officer Sera informed Defendants of Plaintiff's involvement in what he considered poor evidence handling procedures resulting in missing evidence, including narcotics, improprieties with regard to the disposal of seized vehicles, possible improper handling of Village of Columbus funds, and Plaintiff's misappropriation of two firearms purchased with Village of Columbus funds, including the fact that Plaintiff gifted one firearm to his father-in-law.  *See,* Exhibit E at 30:19 - 31:6; 32:6 - 23; 33:16 - 34:6; 38:4- 8; 42:18 - 43:5; 52:5 - 13.  *See,* also Exhibit C at 185: 19 - 186:6.

11.     Plaintiff agrees that the investigation conducted by Defendants was adequate.  *See,* Exhibit C at 207:11-16.

12.     Based on their investigation, Defendants Perales and Jimenez  prepared applications

for search warrants of the home of Plaintiff and his father-in-law.  Defendant Flores prepared the supporting affidavit for the search warrants.  Defendants submitted the applications and supporting affidavits to the Sixth Judicial District Court in Deming, New Mexico.  The warrants were reviewed and approved by District Court Judge Gary Jeffreys.  The warrant applications and warrants were facially valid and supported by probable cause.  *See,* Exhibit C at 182: 9-14; 187:5-8; 202: 2-4; 219:3-9, *See, also* Exhibits 3, 4 to Deposition of Paul Armijo

13.    The search warrants were executed by Defendants Perales, Flores, Jimenez, and Chavez, along with other law enforcement officers.  *See,* Exhibit A at 16:4-6; 38: 15-20;; Deposition of Armando Perales, attached hereto as Exhibit F at 81: 19-21; and Deposition of Adrian Flores attached hereto as Exhibit G at 30: 22-24. .

14.    During the execution of the search warrants, both the firearms Plaintiff was suspected of embezzling or otherwise misappropriating were located.  On this basis, Defendants applied for and received an arrest warrant for Plaintiff's arrest on charges of two counts of larceny or embezzlement of firearms from the Village of Columbus.  The warrant application was reviewed and approved by District Court Judge Gary Jeffreys.  *See,* Exhibit F at 93:20 - 94: 2; *See,* Exhibit 10 to Deposition of Armando Perales.

15.    The arrest warrant was obtained by Defendant Perales.  The affidavit in support of the arrest warrant was prepared and filed by Defendant Jimenez.  The arrest warrant was executed by Defendant Perales in the presence of other officers.  *See,* Exhibit F at 94:15-18; 94:24-95: 2; *See,* Exhibit 9 to Deposition of Armando Perales.

16.    Plaintiff does not dispute that the arrest warrant was facially valid and supported by adequate probable cause.  *See,* Exhibit C at 220:9 - 19; 221: 17 - 21.  222: 7 - 9; 223: 10 - 224: 8.

17.     The entire involvement of BOTF Defendants with D&M Sporting Goods in reference to this investigation consisted of Defendants Perales and Jimenez asking Shaun Reynolds of D&M Sporting Goods to provide a list of firearms, purchased by the Village of Columbus, as well as receipts regarding that purchase.  *See,* Exhibit F at 104:5-8; 17 - 21; *See,* Exhibit C at 225: 20 - 25; 226: 1 - 3.

### III.

### ARGUMENT & AUTHORITIES

**A.     APPLICABLE LEGAL STANDARD**

**_____1.     Summary Judgment Standard.**

Summary judgment is appropriate and shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See*, FED. R. CIV. P. 56(c).  In applying this standard, the moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *See, Celotex v. Catrett,* 477 U.S. 317, 325, 91 L.Ed. 2d 265 106, S.Ct. 2548 (1986).  Upon such a showing, the burden shifts to the non-movant to come forward with evidence showing that there is a genuine issue of material fact warranting trial.  *See, Id.*  The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials contained in their pleadings.  *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed 2d 202 (1986).  An issue of fact is "genuine" if the evidence is significantly probative "or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party."  *See, Id.* at 249-50.  Of course, mere assertions or conjecture as to factual disputes are not enough to survive summary judgment.  *See, Branson v. Price River Coal Co.,* 853 F.2d 768-771-2 (10th Cir. 1988).

2.    **Plaintiff's claim regarding damage to his reputation fails where Plaintiff cannot establish the required elements.**

Plaintiff alleges that BOTF Defendants deprived him of his liberty interest in his reputation and good standing in the community by filing charges against him for larceny and embezzlement of firearms, and that such harm will continue as it will prevent from Plaintiff from returning to law enforcement.  Plaintiff also alleges that the testimony of Armando Perales before the New Mexico Law Enforcement Academy constitutes such a violation.  *See,* Complaint at Count VIII[1].  However, the undisputed material facts demonstrate that Plaintiff has failed to establish the required elements to support this claim and that summary judgment is appropriate.

To support Plaintiff's claim for deprivation of a liberty interest in his reputation and good standing, statements made by the BOTF Defendants must: 1) impugn the good name, reputation, honor and integrity of the employee; 2) be false; 3) occur in the course of terminating the employee or foreclose other employment opportunities; and, 4) be published.   *See, Sandoval v. City of Boulder,* 388 F.3d 1312, 1329 (10th Cir. 2004).  It is completely unclear from Plaintiff's Complaint as to what statements, if any, Plaintiff is alleging were made by BOTF Defendants other than those contained within the Criminal Complaint and applications for warrants filed by BOTF Defendants, and the statements by Perales to the Law Enforcement Academy.  As such, Plaintiff has failed to demonstrate that his good name, reputation, honor or integrity were impugned.  Plaintiff has also failed to demonstrate (or even allege) that such statements were published.

Finally, our courts have rejected an argument identical to that made by Plaintiff where a

---

[1] Plaintiff's claim in this regard is directed at "all individually named Defendants," including Perales and Jimenez.  However, out of an abundance of caution, all individually named BOTF Defendants move for summary judgment on this claim, assuming it is made against each.

Plaintiff alleging harm to his reputation was not employed by the defendants who made the allegedly damaging statements or reports.  In *Spalsbury v. Sisson,* 250 Fed. Appx. 238 (10th Cir. 2007), the court rejected a similar claim after the plaintiff was arrested and had criminal charges filed against him by the Estes Park Police Department.  Plaintiff was subsequently terminated from his job with a private employer.  *See, Id.*  The court held: "[w]e have no doubt that the criminal charges levied against Mr. Spalsbury damaged his reputation and contributed to him being fired.  But as the district court pointed out, Mr. Spalsbury was not employed by the Estes Park defendants and those defendants played no role in the decision to fire him."  *See, Id.*  The same is true in this case. Plaintiff was employed by the VOC at the time of the events giving rise to this lawsuit.  BOTF Defendants are not and have never been employed by the VOC, and played no part in the decision to terminate Plaintiff's employment.  As such, Plaintiff's claim for damages to his reputation fails as a matter of law and summary judgment is appropriate.

### 3.     Plaintiff's claim for retaliatory prosecution fails where he cannot establish the required elements.

Plaintiff alleges at Count IV of his Complaint that BOTF Defendants filed criminal charges against him in retaliation for his having reported an alleged battery by Eddie Espinoza (the Mayor of VOC at all times material to Plaintiff's claims) to the New Mexico State Police.  Plaintiff alleges that such prosecution was aimed at chilling the exercise of his protected speech and constitutional rights.  However, the undisputed material facts of this case demonstrate that Plaintiff has failed to satisfy the required elements for a retaliatory prosecution claim and that summary judgment is appropriate.

To establish retaliatory prosecution based on speech protected by the First Amendment,

Plaintiff must prove the following elements: 1) he was engaged in constitutionally protected activities; 2) that BOTF Defendants' actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and, 3) that BOTF Defendants' action was substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct. *See, Worrell v. Henry,* 219 F.3d 1197, 1212 (10th Cir. 2000). Plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient to create a genuine issue of material fact. *Vukadinovich v. Bd. of Sch. Trs. of In. Newton Sch. Corp.,* 278 F.3d 693, 700 (7th Cir. 2002).

Plaintiff has failed to prove any, much less all, of these required elements. Even assuming that Plaintiff's report of the alleged battery by Espinoza to the New Mexico State Police constitutes constitutionally protected speech, Plaintiff's claim fails where Plaintiff has not and cannot establish that BOTF Defendants' actions in obtaining  search and arrest warrants and initiating criminal charges caused an injury that would "chill" a person of "ordinary firmness" from continuing to engage in that activity.  Plaintiff has produced no facts to support the type of injury that would prevent him from continuing to report alleged batteries to the New Mexico State Police.  Certainly Plaintiff was not deterred from making such allegations in the context of the current lawsuit.  This evidence seriously undermines Plaintiff's claims that he or any other person of ordinary firmness would be disuaded or chilled from making similar protected speech in the future. *See, Howe v. City of Baxter Springs,* 2001 U.S. App. LEXIS 4083 (10th Cir. February 22, 2007) (unpublished) (explaining that further First Amendment activity on the same subject matter undermines the claim for retaliation).

Finally, even assuming that Plaintiff could prove the first two elements of his retaliation

claim, the undisputed material facts are clear that BOTF Defendants' actions were completely unrelated to Plaintiff's alleged "protected speech."  Plaintiff himself testified that the investigation was not retaliatory.  *See,* UMF ¶ 5. The undisputed material facts instead reveal that the investigation into Plaintiff's criminal conduct had been initiated prior to the alleged battery.  *See,* UMF ¶ 5. There are no facts to indicate that BOTF Defendants had any knowledge of Plaintiff's alleged protected speech.  Plaintiff has failed to demonstrate that BOTF Defendants had any knowledge of Plaintiff's prior protected speech.  See, *Titus v. Ahlm*, 297 Fed. Appx. 796, 801 (10th Cir. 2007).  As such, BOTF Defendants ask the Court to reach a similar conclusion: "where, as here, no First Amendment violation is demonstrated, 'the inquiry ends and the officer is entitled to qualified immunity.'" *Id.* at 801.

## IV.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that the Court grant their Motion for Summary Judgment as to Plaintiff's claims of Fourteenth Amendment Substantive Due Process and Liberty Interest violations and his claim for retaliatory prosecution.

Respectfully Submitted By:

SANDENAW LAW FIRM, P.C.


_____/s/ Cody R. Rogers_____
T. A. Sandenaw, Jr.
Cody R. Rogers
2951 Roadrunner Parkway
Las Cruces, New Mexico 88011
575-522-7500

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October 2010, I filed the forgoing electronically through the CM/CEF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael E. Mozes
5732 Osuna, N.E.
Albuquerque, New Mexico 87109
(505) 880-1200
mozeslawoffice@gmail.com
*Attorney for Plaintiff Paul Armijo*

James P. Sullivan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
*Attorneys for Defendants Village of Columbus, Eddie Espinoza, Tracy Bolduc,*
*Blas Gutierrez, Roberto Gutierrez, Brian Houltin,*
*Allen Rosenberg, City of Deming Police Department,*
*and Ernie Sera*

Bryan J. Davis
William G. Gilchrist
2201 San Pedro, N.E., Building 2, Suite 207
Albuquerque, New Mexico 87110
*Attorneys for D & M Sporting Goods, LLC*


                              /s/ Cody R. Rogers
                              Cody R. Rogers