IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

        Plaintiff,

v.                                        Civ. No. 08cv935 MV/WPL

VILLAGE OF COLUMBUS,
EDDIE ESPINOZA, in his individual capacity,
ARMANDO PERALES, in his individual capacity,
TRACY BOLDUC, in her individual capacity,
BLAS GUTIERREZ, in his individual capacity,
ROBERTO GUTIERREZ, in his individual capacity,
BRIAN HOULTIN, in his individual capacity,
ALLEN ROSENBERG, in his individual capacity,
LUNA COUNTY SHERIFF'S OFFICE,
SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
CITY OF DEMING POLICE DEPARTMENT,
ADRIAN FLORES, in his individual capacity,
ERNIE SERA, in his individual capacity,
MIRABEL JIMENEZ, in his individual capacity,
ARNOLD CHAVEZ, in his individual capacity,
BORDER OPERATIONS TASK FORCE, and
D & M SPORTING GOODS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on D&M Sporting Goods, LLC's Motion for Default Judgment Against Counterdefendant Armijo as to Counterclaimant D&M Sporting Goods, LLC's Counterclaim (Doc. 116) and Plaintiff's Motion to Set Aside Entry of Default (Doc. 118).

In October 2008, Plaintiff Paul Armijo filed the instant lawsuit against a number of Defendants, including D&M Sporting Goods, LLC ("D&M"). (Doc. 1). Among other things, Plaintiff's complaint alleges that D&M conspired with law enforcement officers to violate

Plaintiff's constitutional rights. In February 2009, D&M filed an answer to Plaintiff's complaint, which included a counterclaim for malicious abuse of process. (Doc. 42). Mr. Armijo failed to answer the counterclaim. Accordingly, on March 26, 2009, D&M filed a praecipe pursuant to Federal Rule of Civil Procedure 55(a), requesting that the Clerk enter default against Counterdefendant Paul Armijo. (Doc. 53). That same day, Mr. Armijo filed a response to the praecipe in which he represented that he had not timely answered D&M's counterclaim because his counsel neglected to notice that D&M had filed its counterclaim and requested that he be permitted to file an answer to the counterclaim. (Doc. 54). In a reply in support of the praecipe, D&M argued that counsel's neglect did not establish "good cause," so as to avoid default judgment. (Doc. 57). On April 1, 2010, the clerk entered default. (Doc. 115). On April 5, 2010, D&M filed the instant motion for default judgment as to the counterclaim and the following day, Mr. Armijo filed the instant motion to set aside entry of default.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir.1997). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x. 744, 750 (10th Cir. 2009) (unpublished) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir.1992) (quotation omitted)). This Court recognizes that default judgments

are disfavored and the preferred disposition of a case is upon its merits.  *Katzson Bros., Inc. v. U.S. EPA*, 839 F.2d 1396, 1399 (10th Cir.1988); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

In this case, the Court finds that good cause exists for setting aside the default.  First, though Mr. Armijo's counsel clearly erred in failing to file a timely answer to the counterclaim, it appears to the Court that the error was not willful, but rather unintentional.  Notably, the very day D&M filed its praecipe requesting that the Clerk enter default (and approximately three-weeks after the answer would have otherwise been due), Mr. Armijo filed response to the praecipe stating that the failure to answer was unintentional and attributable to counsel's error and requesting that he be permitted to answer the counterclaim. (Doc. 54).   While this Court questions counsel's choice to file a response to the praecipe rather than seeking to actually remedy the error by filing a belated answer or making a separate motion to the Court requesting that Mr. Armijo be allowed to answer, it nonetheless finds that D&M was on notice at least as of March 26, 2009 that Mr. Armijo intended to defend against its counterclaim.

Second, this Court finds that setting aside entry of default is unlikely to prejudice D&M.  This Court recognizes that D&M has stated that it "can assert prejudice," as it "does not know what Armijo might allege in an answer to its Counterclaim" or what "affirmative defenses Armijo might raise to its Counterclaim" and therefore "cannot say definitively that it has done all the discovery it might" need "in the face of an answer and affirmative defenses" to the counterclaim. (Doc. 119 at p. 4).  However, this Court finds that D&M's speculation as to possible prejudice is counterbalanced by several factors that make prejudice unlikely.  First, the Court notes that as the counterclaim is for malicious abuse of process, there is a significant link

between the counterclaim and Mr. Armijo's claims against D&M.  Accordingly, one would expect a significant overlap between the discovery necessary to defend against the claims Mr. Armijo has brought and the discovery needed to litigate the counterclaim for malicious abuse of process.  Second, this Court notes that D&M's counterclaim was pending throughout the discovery period.  Though D&M filed a praecipe seeking entry of default on March 26, 2009, Mr. Armijo immediately filed a response thereto putting D&M on notice that it intended to defend against the counterclaim.  The discovery deadline was September 10, 2009 (Doc. 50) and the Clerk did not enter default until April 1, 2010 (Doc. 115), well after the close of discovery.  Accordingly, D&M was aware throughout the discovery that the issue of default had not been resolved and that it should seek any information needed to litigate its counterclaim.  Third, based on the representations of Mr. Armijo's counsel, which counsel for D&M does not dispute in its reply brief, it appears that D&M did engage in certain discovery directed to the counterclaim. Finally, to the extent that Mr. Armijo's answer raises the need for further discovery, D&M may seek leave of this Court to reopen discovery for the limited purpose of addressing that need.

Finally, this Court notes that Mr. Armijo has asserted that there are facts that he contends constitute a meritorious defense to the counterclaim, including that the owner of D&M knew that Mr. Armijo had purchased two guns for personal use but had fabricated a receipt at the request of Defendant Tracy Bolduc to falsely show that the guns were purchased by the Village of Columbus, which receipt was in turn used by law enforcement to accuse Mr. Armijo of fraudulently absconding weapons for himself.  In support of these facts, Mr. Armijo refers the Court to a response he filed in opposition to D&M's motion for summary judgment as to the remaining claim Plaintiff brought against D&M.  D&M does not argue that these facts, if true,

fail to constitute a meritorious defense but instead argues that the facts are not supported by the evidence, referring the Court to its own briefing in support of its motion for summary judgment. While the Court recognizes that D&M did not move for summary judgment on its counterclaim, the very fact that both parties are citing the summary judgment briefing relating to Mr. Armijo's claim against D&M is evidence of the significant overlap between Mr. Armijo's claim against D&M and D&M's counterclaim.  Notably, neither party has submitted separate affidavits or other evidence in connection with the instant motion for default or the instant motion to set aside entry of default, nor has any party tied the evidence at issue to the specific elements of the counterclaim.  In light of the present state of the record, the fact that default judgments are disfavored and the preferred method of resolving claims is on the merits, and the fact that the default was not willful and does not appear to have prejudiced D&M, this Court will set aside the Clerk's entry of default.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Set Aside Entry of Default (Doc. 118) is **GRANTED** and D&M Sporting Goods, LLC's Motion for Default Judgment Against Counterdefendant Armijo as to Counterclaimant D&M Sporting Goods, LLC's Counterclaim (Doc. 116) is **DENIED**.

      **IT IS FURTHER ORDERED** that Mr. Armijo shall file his answer to D&M's counterclaim within five days of entry of this Order.

      Dated this 20th day of January, 2011.

      _____
      **MARTHA VAZQUEZ**
      **UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Michael E. Mozes
5732 Osuna Rd. NE
Albuquerque , NM 87109

*Attorneys for Defendants Village of Columbus, Espinoza, Bolduc, B. Gutierrez, R. Gutierrez, Houltin, Rosenberg, City of Deming Police Department and Sera:*

Gianna M. Mendoza
James P. Sullivan
128 East DeVargas
Santa Fe , NM 87501

*Attorneys for Defendants Perales, Sixth Judicial District Attorney's Office, Flores, Jimenez, Chavez, and Border Operations Task Force:*

Cody R. Rogers
Thomas A. Sandenaw, Jr.
2951Roadrunner Pkwy
Las Cruces , NM 88011

*Attorneys for Defendant D & M Sporting Goods :*

Bryan J. Davis
William Garth Gilchrist
124 Wellesley SE
Albuquerque, New Mexico 87106