IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

        Plaintiff,

v.                                                   Civ. No. 08cv935 MV/WPL

VILLAGE OF COLUMBUS,
EDDIE ESPINOZA, in his individual capacity,
ARMANDO PERALES, in his individual capacity,
TRACY BOLDUC, in her individual capacity,
BLAS GUTIERREZ, in his individual capacity,
ROBERTO GUTIERREZ, in his individual capacity,
BRIAN HOULTIN, in his individual capacity,
ALLEN ROSENBERG, in his individual capacity,
LUNA COUNTY SHERIFF'S OFFICE,
SIXTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
CITY OF DEMING POLICE DEPARTMENT,
ADRIAN FLORES, in his individual capacity,
ERNIE SERA, in his individual capacity,
MIRABEL JIMENEZ, in his individual capacity,
ARNOLD CHAVEZ, in his individual capacity,
BORDER OPERATIONS TASK FORCE, and
D & M SPORTING GOODS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike Defendant D&M Sporting Goods' Revised Motion for Summary Judgment on Count V of Plaintiff's Complaint and Request for Attorneys' Fees, filed October 5, 2010. (Doc. 136).

In Count V of his complaint, Plaintiff alleges that D&M Sporting Goods ("D&M") conspired with law enforcement officers to violate Plaintiff's constitutional rights. (Doc. 1 ¶¶ 115-122 at pp. 20-21). D&M is a private entity that sells firearms. In October 2006, Plaintiff sought a bid from D&M for the purchase of six handguns for the Village of Columbus Police

Department and D&M eventually delivered six handguns to Plaintiff. Plaintiff contends that due to subsequent events, the Village of Columbus only purchased four of the six handguns D&M ordered and that he purchased the remaining two handguns for his personal use. Plaintiff contends that in January 2007, D&M provided law enforcement agents with a fictitious receipt showing that the Village of Columbus purchased six handguns (rather than four) and that this fictitious receipt was the linchpin of an unconstitutional search conducted by law enforcement agents. Plaintiff argues that because D&M was a willful participant in joint action with law enforcement agents, D&M is a state actor under 42 U.S.C. § 1983.

D&M filed a Motion for Summary Judgment on Count V of Plaintiff's Complaint and Request for Attorneys' Fees (Doc. 86) and, on September 24, 2010, this Court issued a Memorandum Opinion and Order denying the motion "without prejudice" because D&M's Statement of Material Facts did not set forth sufficient facts to show that D&M did not act in concert with law enforcement officers. (Doc. 133). Within days after this Court issued its order denying the original motion without prejudice, D&M filed its Revised Motion for Summary Judgment on Count V of Plaintiff's Complaint and Request for Attorneys' Fees, which, among other things, included an additional affidavit that purports to address some of the issues raised in the Court's September 24, 2010 Memorandum Opinion and Order. (Doc. 134). By the instant motion, Plaintiff seeks to strike D&M's revised motion for summary judgment arguing that it is an inappropriate request for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). This Court denies Plaintiff's request that it strike the revised motion.

This Court's September 24, 2010 Memorandum Opinion and Order specifically stated that the Court was denying D&M's summary judgment motion "without prejudice" on the basis

that the record before the Court was inadequate to decide the motion. As the motion was denied without prejudice on the basis that more information was required, rather than due to a genuine issue of material fact, this Court finds nothing objectionable with D&M filing a revised summary judgment motion containing additional facts and evidence.[1] Accordingly, this Court declines Plaintiff's request that it strike D&M's revised motion for summary judgment. The merits of the revised summary judgment motion will be addressed in a subsequent opinion.

  **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant D&M Sporting Goods' Revised Motion for Summary Judgment on Count V of Plaintiff's Complaint and Request for Attorneys' Fees, filed October 5, 2010, is **DENIED**.

  Dated this 20th day of January, 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent that Plaintiff's motion to strike could be construed as an objection to the revised summary judgment motion on the basis that it is untimely under either the scheduling order in this case or pursuant to Rule 56, this Court finds that leave to file the revised motion is appropriately granted in this instance, as the revised motion was filed within days of this Court's September 24, 2009 Memorandum Opinion and Order.

*Attorney for Plaintiff:*

Michael E. Mozes
5732 Osuna Rd. NE
Albuquerque , NM 87109

*Attorneys for Defendants Village of Columbus, Espinoza, Bolduc, B. Gutierrez, R. Gutierrez, Houltin, Rosenberg, City of Deming Police Department and Sera:*

Gianna M. Mendoza
James P. Sullivan
128 East DeVargas
Santa Fe , NM 87501

*Attorneys for Defendants Perales, Sixth Judicial District Attorney's Office, Flores, Jimenez, Chavez, and Border Operations Task Force:*

Cody R. Rogers
Thomas A. Sandenaw, Jr.
2951Roadrunner Pkwy
Las Cruces , NM 88011

*Attorneys for Defendant D & M Sporting Goods:*

Bryan J. Davis
Davis & Gilchrist, P.C.
124 Wellesley SE
Albuquerque, New Mexico 87106