## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

       Plaintiff,

v.                                          No. 08-cv-935 MV/WPL

VILLAGE OF COLUMBUS, et al.,


### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on D&M Sporting Goods, LLC's Second

Motion for Default Judgment Against Counterdefendant Armijo as to Counterclaimant D&M's

Counterclaim (Doc. 158).

In October 2008, Plaintiff Paul Armijo filed the instant lawsuit against a number of

Defendants, including D&M Sporting Goods, LLC ("D&M"). (Doc. 1). Among other things,

Plaintiff's complaint alleges that D&M conspired with law enforcement officers to violate

Plaintiff's constitutional rights. In February 2009, D&M filed an answer to Plaintiff's

complaint, which included a counterclaim for malicious abuse of process. (Doc. 42).

Mr. Armijo failed to answer the counterclaim, as counsel for Mr. Armijo neglected to notice that

a counterclaim had been filed. (Doc. 54). The Clerk subsequently entered default against

Mr. Armijo as to the counterclaim. (Doc. 115). On January 20, 2011, however, the Court

granted a motion by Plaintiff to set aside entry of default and denied D&M's motion for default

judgment. (Doc. 154). In its Memorandum Opinion and Order, the Court further ordered that

Mr. Armijo file his answer to D&M's counterclaim within five days. (*Id.*). Five days passed

and no answer was filed. Accordingly, on February 10, 2011, D&M filed the instant Second

Motion for Default Judgment. (Doc. 158). That same day, Plaintiff filed his answer to the

counterclaim.  (Doc. 159).

In an affidavit submitted in connection with Plaintiff's response to the Second Motion for Default Judgment (Doc. 161-1), counsel for Plaintiff, Michael E. Mozes, avers that on January20, 2011 the Court issued two orders in this case (Docs. 154 & 155).  While Mr. Mozes printed one of the two orders, he avers that he failed to realize that there was a second order—the Memorandum Opinion and Order setting aside entry of default and ordering Mr. Armijo to answer the counterclaim within five days.  (Doc. 161-1).  Mr. Mozes further avers that he first learned of the Court's directive to file an answer to the counterclaim late in the day on February 9, 2011, the day before he filed the answer.  (*Id.*).

As Mr. Armijo's answer to the counterclaim was filed within approximately thirty minutes of the Second Motion for Default Judgment, and as a new praecipe requesting that the Clerk enter default was not filed by D&M, default has not been entered by the Clerk.

In light of counsel's explanation for the late filing of Plaintiff's answer to the counterclaim and the fact that the answer was filed within a day of being called to counsel's attention (and just over two weeks past the Court-ordered deadline), the Court will deny D&M's request for default judgment.  It appears that the failure to comply with the deadline was not willful and did not operate to prejudice D&M.  The Court, however, cautions Plaintiff's counsel that it is his duty to carefully monitor the docket and to comply with all Court deadlines. Plaintiff may not continue to assert ignorance of Court orders and deadlines to excuse his failure to comply therewith.

**IT IS THEREFORE ORDERED** that D&M Sporting Goods, LLC's Second Motion for

Default Judgment Against Counterdefendant Armijo as to Counterclaimant D&M's

Counterclaim (Doc. 158) is **DENIED**.


Dated this 17th day of June , 2011.

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**