IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

        Plaintiff,

v.                                                                  No. 08-cv-935 MV/WPL

VILLAGE OF COLUMBUS, et al.,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Review and to Stay Execution of Clerk Order Settling Costs (Doc. 171).

On February 7, 2011, the Court issued a Memorandum Opinion and Order in which it found that D&M Sporting Goods, LLC ("D&M") was entitled to summary judgment in its favor as to Count V of Plaintiff's Complaint. (Doc. 157). While the Court's February 7, 2011 Order ruled on Plaintiff's only remaining claim against D&M, Plaintiff still has claims remaining against other defendants and D&M has a pending counterclaim against Plaintiff for malicious prosecution. Accordingly, no final judgment has been entered.

On February 25, 2011, D&M filed a Motion to Tax Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and District of New Mexico Local Civil Rules 54.1 and 54.2, which sought to recover of costs for certain deposition transcripts that were used in support of D&M's motion for summary judgment and in the Court's Order ruling thereon. (Doc. 160). While counsel for D&M attempted to confer with Plaintiff's counsel before filing the Motion to Tax Costs, he was unable to ascertain whether the Motion was opposed. (*Id.*). On March 14, 2011, however, Plaintiff filed a response in opposition to the Motion. (Doc. 163). In the response, D&M did not argue that any of the costs were inappropriate, but argued that the Motion was

premature in that the Court had not entered judgment in the matter. (*Id.*). On March 28, 2011, D&M filed a reply brief; in the reply brief, D&M argues that the only issue is one of timing—whether to grant the motion now or require D&M to re-file a similar motion later. (Doc. 164). The reply requests that the Court "enter an order granting D&M its costs, as requested in its motion, and directing Plaintiff to pay those costs following entry of the final judgment in this matter." (*Id.*).

On March 23, 2011, a Clerk's Order Settling Costs was filed, which taxed the requested costs against Plaintiff and in favor of D&M.

On April 1, 2011, Plaintiff filed the instant Motion for Review and to Stay Execution of Clerk Order Settling Costs. (Doc. 171). In the instant Motion, D&M does not challenge any of the specific costs awarded, but instead argues that the Clerk's Order Settling Costs was premature in that no final judgment has been entered and requests that the Court stay execution of the Clerk's Order Settling Costs until such time as a final judgment has issued. (*Id.*). An response was filed by D&M on April 18, 2011. (Doc. 178).

The Court, having reviewed the briefs submitted by the parties, relevant authority, and being otherwise fully informed, finds that execution of the Clerk's Order Settling Costs should be stayed until entry of final judgment. Notably in its reply brief in support of its Motion to Tax Costs, D&M explicitly requested that the Court "enter an order granting D&M its costs . . . and directing Plaintiff to pay those costs following entry of the final judgment in this matter." (Doc. 164). D&M thus appears to acknowledge that costs should not be paid until after entry of a final judgment. Further, as Plaintiff has not challenged any of the specific costs requested, but instead has argued only that the Motion to Tax Costs was premature, the Court finds that the best course of action is to stay the order rather than requiring a new motion to be filed later.

**IT IS THEREFORE ORDERED** that execution of the Clerk's Order Settling Costs (Doc. 171) is stayed until such time as final judgment has been entered.

Dated this 12th day of July , 2011.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE