IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

          Plaintiff,

v.                                         No. 08-cv-935 MV/WPL

VILLAGE OF COLUMBUS, et al.,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Flores, Perales, Chavez, Jimenez and the Border Operations Task Force's[1] Motion to Stay Proceedings Pending Interlocutory Appeal Regarding Qualified Immunity (Doc. 187) and Plaintiff's Motion for Certification of Appeal as Frivolous and Request for Expedited Hearing (Doc. 192).

## BACKGROUND

On May 4, 2011, the Court entered a Memorandum Opinion and Order on the BOTF Defendants' Revised Motion for Summary Judgment on Plaintiff's Fourteenth Amendment and Retaliatory Prosecution Claims (Doc. 137), Revised Motion for Summary Judgment on Plaintiff's Claims of Conspiracy, Malicious Abuse of Process, and Conversion (Doc. 138), and Revised Motion for Summary Judgment on Plaintiff's Claims of Unlawful Search and Seizure, Unlawful Arrest, and False Imprisonment (Doc. 139). Collectively, the revised summary judgment motions sought summary judgment as to ten counts of Plaintiff's complaint (Counts II, III, IV, V, VI, VII, VIII, XVI, XXI, and XXIV). The Court's Memorandum Opinion and Order denied the motions for summary judgment as to all but Count VIII.

---

[1] Collectively, the Court refers to Defendants Flores, Perales, Chavez, Jimenez and the Border Operations Task Force as the "BOTF Defendants."

On May 10, 2011, the BOTF Defendants filed a Notice of Appeal on the basis that the Court's May 4, 2011 Memorandum Opinion and Order denied qualified immunity to Defendants Flores, Perales, Chavez and Jimenez as to certain counts. (Doc. 186). That same day, the BOTF Defendants filed their Motion to Stay Proceedings Pending Interlocutory Appeal Regarding Qualified Immunity. (Doc. 187). On May 19, 2011, Plaintiff filed his Motion for Certification of Appeal as Frivolous and Request for Expedited Hearing. (Doc. 192).

## LEGAL STANDARDS

In certain circumstances, a denial of qualified immunity is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The Supreme Court, however, has limited interlocutory appeals of district court orders denying qualified immunity to those based on issues of law (i.e., whether or not certain given facts show a violation of clearly established law), rather than on factual disputes such as the sufficiency of evidence. *Johnson v. Jones*, 515 U.S. 304 (1995) (the denial of qualified immunity was not immediately appealable where it turned on the fact-related dispute of whether the evidence was sufficient to show a genuine issue of fact for trial rather than abstract legal questions); *Mitchell*, 472 U.S. at 530 ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.").

In general, when an interlocutory appeal is pending, a district court retains jurisdiction only over those aspects of the case not involved in the appeal. *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (recognizing that an interlocutory appeal based on a denial of qualified immunity divests the district court of jurisdiction over all but "peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial."). A district court,

however, has authority to retain full jurisdiction over a case if it certifies, after a hearing and for substantial reasons given, that the appeal is "frivolous" or "forfeited." *Id.* at 576-77.

## ANALYSIS

In this case, the BOTF Defendants assert that the Court's denial of qualified immunity as to six counts—Counts II, III, IV, V, VI and VII—forms the basis of their interlocutory appeal. Plaintiff contends that the BOTF Defendants' appeal is frivolous as none of these six counts are appropriately reviewed via an interlocutory appeal.

Counts II, III, VI, and VII of Plaintiff's complaint allege that Plaintiff was subject to an unreasonable search and seizure in that the search warrants issued in connection with the investigation of Plaintiff were improper (Count II) and that Plaintiff was wrongfully arrested as no probable cause existed to support the arrest warrant issued (Counts III and VI) and falsely imprisoned for approximately one day following his arrest (Count VII). The BOTF Defendants sought summary judgment as to these counts on the basis that the BOTF Defendants' actions in obtaining and executing the search and arrest warrants were supported by adequate probable cause and on the basis that the individual BOTF Defendants were entitled to qualified immunity. The Court, however, denied the BOTF Defendants' request for summary judgment as to these counts. As to Count II, the Court found that the search warrant was so facially overbroad and the affidavit submitted in support of it so lacking in probable cause to support the broad search that the warrant purported to authorize that it could not be reasonably relied upon by the BOTF Defendants under clearly established law. As to Counts III, VI, and VII, the Court similarly found that the facts contained in the affidavit submitted in support of the arrest warrant were so lacking in indicia of probable cause that the warrant could not be reasonably relied on to support the arrest of Plaintiff on charges of larceny or embezzlement of the two firearms.

Given that the Court relied on the warrants and supporting affidavits in reaching its decision as to Counts II, III, VI, and VII, the contents of which are not in dispute, this is not an instance where the Court's denial of summary judgment turned primarily on factual disputes or issues as to the sufficiency of the evidence.  The BOTF Defendants contend that it is their intent to challenge *inter alia* the Court's application of the facts (the undisputed contents of the warrant and warrant applications) to existing law, an issue that the Court finds can appropriately be addressed via an interlocutory appeal.  Further, having considered the record, the arguments of the parties, and relevant legal authority, the Court does not find that an appeal of these counts is so baseless or void of merit as to justify its certification as frivolous.

While the propriety of the BOTF Defendants' interlocutory appeal as to Counts IV and V raises more difficult questions, the Court declines to address these counts as it finds that attempting to parse out certain counts against the BOTF Defendants and to retain jurisdiction over those counts would not aid in efficient resolution of this case.

Having determined that it will not certify the appeal as frivolous, the Court further finds that the BOTF Defendants' request to stay the proceeding pending appeal is well-founded. While the Court may retain jurisdiction over those aspects of the case not involved in the appeal and, in accordance therewith, has recently resolved some pending motions unrelated to the issues on appeal, the Court finds that a stay of proceedings pending the interlocutory appeal is appropriate at this point in the interest of judicial economy, as the issues on appeal are related to certain remaining claims in the case and are best tried together.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Certification of Appeal as Frivolous and Request for Expedited Hearing (Doc. 192) is **DENIED**.

**IT IS FURTHER ORDERED** that the BOTF Defendants' Motion to Stay Proceedings Pending Interlocutory Appeal Regarding Qualified Immunity (Doc. 187) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Stay Litigation brought by Defendants Village of Columbus, Eddie Espinoza, Tracy Bolduc, Blas Gutierrez, Roberto Gutierrez, Brian Houltin, Allen Rosenberg, the City of Deming Police Department, and Ernie Sera on April 1, 2011 (Doc. 173), as well as the BOTF Defendants' Motion for Joinder therein (Doc. 175) are **DENIED** on the basis that they are moot in light of the above.

Dated this 1st day of August , 2011.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**