## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL ARMIJO,

        **Plaintiff,**

v.                                  **No. 08-CV-935 MCA/WPL**

VILLAGE OF COLUMBUS, et al.

        **Defendants.**

## MEMORANDUM AND OPINION ORDER

THIS MATTER is before the Court on Counterclaimant D&M Sporting Goods, LLC's Opposed Motion to Dismiss Its Counterclaim for Malicious Abuse of Process Under New Mexico Law Without Prejudice. [Doc. 225] Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the Motion.

## PROCEDURAL BACKGROUND

Plaintiff's complaint in this action alleged, among other claims, violations of 42 U.S.C. § 1983 against several government actors. [Doc. 1] As to Defendant/Counter-claimant D&M Sporting Goods, a non-governmental entity, Plaintiff alleged it conspired with his government employer and other government actors to violate his constitutional rights. [Doc. 1, ¶¶ 115-122] At this point in the litigation, all of Plaintiff's claims have been dismissed[1]

---

[1] Some of the dismissals did not occur until after resolution of an interlocutory appeal. [Docs. 214, 223]  The Court notes that litigation was stayed for approximately a year pending resolution of the interlocutory appeal. [Docs. 202, 204]

[Docs. 41, 78, 96, 198, and 224], including summary judgment against Plaintiff in favor of D&M Sport Goods. [Doc. 157] Thus, the only remaining claim in this litigation is D&M Sporting Goods' Counterclaim against Plaintiff for Malicious Abuse of Process. [Docs. 42, 217] D&M Sporting Goods now seeks to dismiss its own counterclaim. [Doc. 225] D&M Sporting Goods has filed in state court a Complaint for Malicious Abuse of Process and Violation of N.M.S.A. § 36-2-17, and Civil Conspiracy against both Paul Armijo and his attorney in this case, Michael Mozes, Esq., which generally arises from the same facts giving rise to its counter-claim before this Court, and which it wishes to pursue instead of this counter-claim.  [Doc. 225-1]

**ANALYSIS**

"[F]ederal courts are courts of limited jurisdiction and require both constitutional and statutory authority in order to adjudicate a case, and . . . important values of federalism and separation of powers are implicated in the limited jurisdiction of federal courts." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) (footnote omitted).  Where a federal court has original jurisdiction over one or more claims, "Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy.'" *Id.,* (quoting 28 U.S.C. § 1367(a)).

However, "a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009) (internal quotation marks and ellipsis omitted) (citing 28 U.S.C. § 1367(c)(3)). A court's " discretion should be exercised

in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990); *accord. Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 542 (10th Cir. 1995); *see also Tonkovich v. Kansas Bd. of Regents, Univ.*, 254 F.3d 941, 945 (10th Cir. 2001).  On the one hand, "[b]y not forcing potential litigants either to avoid federal courts or to bifurcate their causes of action between state and federal courts, supplemental jurisdiction promotes the accessibility of federal courts as well as overall judicial economy." *Harshman*, 379 F.3d at 1165.  On the other hand, "principles of comity suggest that [state] courts will be better suited to adjudicate claims raised under [state law]." *Id.* at 1168 n.4.  Thus, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).

Here, the parties differ on whether the *Thatcher Enterprises* factors weigh in favor of or against dismissal.  Counter-claimant D&M Sporting Goods, in asking the Court to dismiss its own Counterclaim, argues that, because it has also filed a suit in state court based, largely, on the same facts, "[t]here would be no judicial economy in having two courts hear the claims separately, which would involve parallel and duplicative discovery.  And the two courts could potentially come to contrary rulings before trial with binding effects in the other case, further complicating matters for all parties." [Doc. 225, p. 3]  Plaintiff, on the other hand, argues against dismissal of D&M Sporting Goods' Counter-complaint against him because:

3

> (1) all pretrial proceedings regarding any claims between Armijo and D&M
> have been completed for over 18 months; (2) it is uneconomical to now divest
> this Court of jurisdiction on claims involving the same transactions and
> occurrences previously addressed through dispositive motions and start anew
> in the state court; (3) such circumstances are inconvenient regarding time,
> expense, the extended period during which this litigation has been active, and
> the interests of resolving these issues without further delays; and (4) fairness
> is served by this Court retaining jurisdiction because the parties have
> conducted full discovery, have been provided every opportunity to present
> their arguments to the Court on these outstanding issues, and the Court has
> issued opinions on these very matters where such decisions were sought.
> There is no prejudice to either party in having the Court continue to exercise
> jurisdiction over claims which lack nothing but a trial.

[Doc. 226, p. 5]

Plaintiff accurately points out that, at least as far as the parties have indicated to the Court, discovery is complete and only a trial is necessary to resolve D&M Sporting Goods' counter-claim. [Doc. 42, pp. 42-46 (Counterclaim); Doc. 50 (Order Setting Pretrial Deadlines: deadline for discovery as September 10, 2009 and deadline for dispositive motions as October 6, 2009) Doc. 217 (minutes stating "[t]he only remaining claim in this case is a counter-claim by Defendant D&M Sporting Goods" and "[t]he parties do not need additional discovery and are ready to go to trial[.]")] However, as a practical matter, it does not necessarily follow that Plaintiff will be put through additional expense and inconvenience by litigating this matter in state court. First, while the Counterclaim pending before this Court is only against Plaintiff, D&M Sporting Good's state action is against both Plaintiff and his attorney, and thus, if the court exercised jurisdiction over the state claims and retained jurisdiction, it may have to consider a motion to amend the Counter-claim and it may have to allow additional discovery, which, would result in additional delay, expense and

inconvenience for both parties.  Thus, despite the length of time this claim has been pending, it is not necessarily so far along as to weigh in favor of retaining jurisdiction.  Second, the Court is persuaded by D&M Sporting Goods' argument that it would not serve judicial economy for this Court to retain jurisdiction where a related and overlapping claim is pending in state district court, which could result in the same claim being litigated twice in two different courts, adding to the expense for both parties and unnecessarily using the resources of two courts.

Further, fairness does not weigh in favor of this court retaining jurisdiction. Of significance is that it is the claimant, D&M Sporting Goods, seeking to dismiss its own counterclaim.  D&M Sporting Goods, thus, having been successful in seeking summary judgment on Plaintiff's claims against it, has some interest in selecting its forum for its Malicious Abuse of Process claim.[2]

Finally, comity weighs in favor of the state court deciding the issue of state law, not only the malicious abuse of process claim, but also the statutory claim brought in the state

---

[2] Plaintiff does not argue that dismissal would be inappropriate under Federal Rule of Civil Procedure 41(a)(2) (allowing a voluntary dismissal by a plaintiff by court order on terms that the court considers proper); *see also Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (describing factors of legal prejudice to the opposing party which the Court should consider when deciding an opposed Rule 41(a)(2) motion to dismiss, including "the opposing party's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the movant in prosecuting the action, and insufficient explanation for the need to take a dismissal." (internal quotation marks, citations and brackets omitted)).  The Court notes that the factors of effort and expense have already been considered, and D&M Sporting Goods did not delay in filing this motion, having filed it within one month of dismissal of the final remaining federal claim. [Docs. 224, 225]

court under N.M.S.A. 1978, § 36-2-17 ("If an attorney is guilty of deceit or collusion or consents thereto with intent to deceive the court, judge or party, he shall forfeit to the injured party, treble damages to be recovered in a civil action, and may, if in the opinion of the board of bar examiners such conduct warrants it, be disbarred."). *See Harshman*, 379 F.3d at 1168 n.4; *see also* 28 U.S.C. § 1367(c)(1) (stating the district court may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law.").

Thus, as the Court has now dismissed all of the claims over which it had original jurisdiction, the Court, upon considering the law and the circumstances as a whole, declines to continue to exercise jurisdiction over the pendent state claims.

Finally, Plaintiff argues: "should the Court decide to decline to exercise jurisdiction, due to the long litigation of this case in this Court, D&M's multiple attempts to have the claims in the newly-filed State court case decided in this Court, and the opportunities this Court has provided D&M to have such claims fully adjudicated in this Court, Armijo requests that any dismissal be with prejudice." [Doc. 226, pp. 5-6] Dismissal with prejudice is not warranted.  First, Plaintiff made no such dispositive motion within the motion deadline, and second, Plaintiff cites no relevant case law nor argument.  Thus, the Court will not consider Plaintiff's request to dismiss D&M Sporting Goods' counter-claim on the merits.

**CONCLUSION**

The Court having dismissed all federal claims, such that only state law claims remain, and the Court having considered the *Thatcher Enterprises* factors, this Court concludes that dismissal of the remaining state law claims is appropriate under 28 U.S.C. § 1367(a)(3).

6

**IT IS HEREBY ORDERED** that this case is DISMISSED without prejudice.

SO ORDERED this 30th  day of September, 2013, in Albuquerque, New Mexico.


M. CHRISTINA ARMIJO
Chief United States District Judge